ALFRED A. McKETHAN, Trussee, *v.* DAVID A. RAY and others, Trustees.

Section 313, C. C. P., does not confer on parties, who differ as to their rights, authority to propound to the Court, on a case agreed, interrogatories in respect thereto. The purpose of the section is, simply to dispose of the formalities of a summons, complaint and answer, and upon an agreed state of the facts, to submit the case to the Court for decision.

The heirs at law of a testator and the devisees of the residuary interest are necessary parties to an action seeking the construction of certain parts of a will.

Civil action as to the construction of a will, submitted to *Buxton, J.* at Chambers, in Cumberland County, March 17th, 1874.

McKETHAN, Trustee, *v.* RAY *et al.*, Trustees.

### CASE AGREED.

The following is a case agreed between the plaintiff and defendants, and submitted in accordance with the provisions of title XIV, chap. 1, sec. 315, of the Code of Civil Procedure, for his decision of the questions presented.

The facts in the case are:

Robert Donaldson, of the town of Red Hook, in Dutchess county, in the State of New York, died in the year 1872, leaving a last will and testament, which was admitted to probate in Dutchess county, New York, and a certified copy of the same, under the hand and official seal of the Surrogate of said Dutchess county, has been produced and exhibited before Alexander McPherson, Jr., Judge of Probate for Cumberland county, in the State of North Carolina, and by him has been allowed, filed and recorded in accordance with the laws of North Carolina.

It is agreed that the said will of Robert Donaldson was properly executed according to the laws of North Carolina. In said will is a clause deposing of certain real property in Fayetteville, N. C., which said clause is as follows, to wit:

"Ninth. I give and devise to the Presbyterian Church, in Fayetteville, North Carolina, the house and lots, including the lot extending to the creek, which were owned and occupied by my father in his lifetime, situated on Union street, in Fayetteville, and which, by his last will and testament, he devised to me, the same to be used as a parsonage and to be occupied by the pastor of said church."

After making certain other specific legacies, the said will contains the following residuary clause:

"Twelfth. After the payment in full of all the legacies and annuities hereinbefore mentioned, the rest, residue and remainder of my estate shall be divided in five equal parts: 'One-fifth part of which I give and bequeath to the University of North Carolina, located at Chapel Hill, in the said State; one-fifth part to the Trustees of the Theological Seminary of the Presbyterian Church at Princeton, New Jersey; and one-fifth

part to the American Bible Society, founded in New York in the year, 1816 ; one-fifth part to the American Tract Society of New York, and the remaining one-fifth part to the Board of Foreign Missions of the Presbyterian Church in the United States of America.'"

The plaintiffs and defendants are trustees of the Presbyterian Church in Fayetteville, N. C., duly appointed under the laws of the State of North Carolina. (Bat. Rev., chap. 101, Religious Societies.) And they hold the property of said church in trust ; that beside the church building and lot connected therewith and specially set apart and appropriated to divine worship, the other lands belonging to said congregation, inclusive of the house and lot above mentioned in the testator's will, are *not* of a greater yearly value than four hundred dollars.

Before the above property was devised to said Presbyterian Church, the congregation of said church had purchased and partly paid for a house and lot outside the corporate limits of said town, known as the "Glover House," which was used as a parsonage, and was so occupied at the time of the testator's death and is at present used as such.

For many years before the death of the testator and continuously since up to the present time, one Charles A. McMillan has occupied the house given in his will.

In April, 1873, the congregation, by a small majority, directed the property given to them to be sold to McMillan for $1,500. This action gave great dissatisfaction to the minority who opposed the sale ; and the plaintiff, McKethan, one of the trustees, refused to carry out the instructions of the congregation, and threatened to commence a suit against the defendants, his co-trustees, if they did so. The trustees, under the direction of the congregation, agreed to submit the case to the decision of the Court without action. .

The following questions are submitted to the Court to decide :

1. Do the words following immediately after the devise to the Presbyterian Church in Fayetteville, viz: "the same to be used as a parsonage and to be occupied by the pastor of such

church," annex a condition to the devise, the non-performance of which would divest the estate of said church and cause a forfeiture ?

2. Have the trustees (plaintiffs and defendants) the power, under the direction of a majority of the members of the congregation, to dispose of the property as such majority has instructed them ?

3. Can the property devised to the church be sold and the proceeds applied, either in whole or in part, in paying the balance due from the congregation for the " Glover House ?"

4. Can the property devised be used and occupied by any one else but the pastor of the church ?   Was it intended by the testator to confine its use and occupancy to that particular person ?

5. If the words of the will create a condition, the non-performance of which would cause a forfeiture and divest the estate of the trustees, will the property in that event revert to the next of kin of the testator, or will the residuary legatees take it under the residuary clause in the will ?

The prayer of the plaintiff is that the defendants be restrained from selling and conveying the property to McMillan as directed by a majority of the congregation.

If, upon the foregoing facts, the Court shall be of opinion that the plaintiff is entitled to the relief prayed for, a perpetual injunction is to be granted ; otherwise, a judgment is to be rendered for defendants.

His Honor delivered the following opinion :

The trustees representing the Presbyterian Church in Fayetteville is a body corporate, whose powers are defined and limited by statute.   Chap. 101, Bat. Rev.   In these trustees the property devised by the testator to that church became absolutely vested upon the assent of the executors, for the use of the church, according to the intent expressed in the will, and is to be and remain forever to the use and occupancy of the church.   Such is the requirements of the act with which it is the duty of the trustees of the church to comply.

McKethan, Trustee, *v.* Ray *et al.*, Trustees.

The purposes of the devise, as expressed in the will, was: "*The same to be used as a parsonage and to be occupied by the pastor of said church.*" So far as the trustees are concerned, they must do nothing to defeat this purpose. A charity must be accepted upon the same terms upon which it is given, and no agreement of the parishioners can alter or divest it to any other use. Least of all can the trustees violate the law and defeat the will by passing away the legal title to the property, which both the law and the will require them to hold forever for a specified purpose.

There is no question of lapse or forfeiture involved in the case. The devise is absolute, not contingent, expressed in clear terms for a lawful and charitable purpose, to a party capable of taking and enabled and required by law to hold in perpetual succession. The devise is therefore valid, and neither heirs nor residuary legatees have any interest in the matter. The general rule is, if land is given to a corporation for any charitable use which the donor contemplates to last forever, the heir can never have the land back again ; if the corporation fails the Court will substitute itself and thus carry on the charity.

The foregoing remarks dispose of all the questions submitted excepting the fourth, relating to the occupancy of the premises devised as a parsonage. Neither the will containing the devise nor the law relating thereto operates upon the pastor or controls his residence. They affect the action of the trustees merely. They are to retain the property to be used as a parsonage, when the present pastor or his successor choose to occupy them ; until that contingency occurs there is nothing either in the will or in the law which requires the trustees to keep the property unoccupied, and thus an expense to the church for whose use it was given. A prudent man usually looks out for a good, careful and paying tenant for property which circumstances prevent him from occupying himself. Ordinary prudence is the rule which ought to govern trustees.

The Court being with the plaintiff according to the case

McKethan, Trustee, *v.* Ray *et al.*, Trustees.

agreed, adjudged that the defendants be perpetually restrained from selling and conveying the premises described, &c., and that they retain title to the same to answer the purposes of the trust declared in the will of the testator, Robert Donaldson.

From this judgment defendants appealed.

*Ray* and *B. Fuller*, for defendants.
*Guthrie,* contra.

Pearson, C. J.   Our construction of sec. 315, C. C. P. is, that it does not confer upon certain parties who differ as to their rights, to propound to the Court on a case agreed, interrogatories in respect thereto, but that the purpose is simply to dispose with the formalities of a summons, complaint and answer, and upon an agreed state of facts to submit the case to the Court for decision and thereupon the Judge shall hear and determine the case and "render judgment thereon as if an action were depending."

It follows that all persons having an interest in the controversy must be parties, to the end that they may be concluded by the judgment, and the controversy be finally adjudicated as in case of an action instituted in the usual way.

The fifth question submitted to the Court for its decision is in these words:

"If the words of the will create a condition the non-performance of which would cause a forfeiture and divest the estate of the trustees, will the property in that event result to the next of kin (heirs at law) of the testator or will the residuary legatees (devisees) take it under the residuary clause?

This interrogatory shows that in certain aspects of the matter in regard to the construction of the will, the heirs at law and the residuary devisees have an interest and of course would not be concluded by a judgment in this case as now constituted, so we are not at liberty to give a judgment unless they be made

McKethan, Trustee, v. Ray et al., Trustees.

parties and either enter a disclaimor and put in a condition to be concluded by the record, and have the title settled.

His Honor declares his opinion to be : " There is no question of *lapse* or *forfeiture* involved in the case. The devise is absolute, not contingent, expressed in clear terms for a definite, lawful and charitable use, to a party capable of taking and enabled and required by law to hold in perpetual succession. The devise is therefore valid, and neither heirs or residuary legatees have any interest in the matter."

The estate given by the devise may be an absolute one subject to no conditions or qualifications and subject only to the *charitable use*, " that until the premises are used for a parsonage, the rents are to be applied for the purposes of the congregation," but these are points of construction in which, as we conceive, the heirs and residuary devisees have an interest, and in regard to which they ought to be heard and concluded by judgment, before this Court can take such action as might induce a purchaser to depend upon the title, exposed as it would be to the claims of the heirs at law, or of the residuary devisees.

There is error. The judgment below is reversed and the case will be remanded to the end that the heirs and residuary devisees be made parties, and such other amendments made, as the parties may be advised to move for, and the Court see fit to allow.

The will may admit of several constructions :

1. The testator did not intend to make the donation unless the congregation as a condition precedent, would locate the parsonage upon the premises, making the location of the parsonage the primary purpose.

2. The testator intended to make the donation but to subject the estate to a qualification that the estate should determine when the premises should cease to be used as the parsonage, in other words to create a base or qualified fee, such as we read of in the old books, " to A and his heirs, so long as they are tenants of the Manor of Dale" An estate clogged with such a

burden on free alienation, is not known to our law, and the Courts would be slow to admit it, although it be made to a religious congregation with the best motives imaginable.

3. The testator intended to make the donation, that is a fixed fact—his primary intention ; the suggestion as to his purpose in making the donation, being a secondary consideration, and the words do not support the inference of an intention not to make the donation, or to revoke it, unless the premises were accepted and used for that and no other purpose.

We incline to the opinion that the last is the proper construction, and make this intimation for the purpose of calling the attention of the counsel of the parties to the points to be argued, when the case comes before the Court properly constituted in respect to parties and to the judgment demanded.

PER CURIAM.                          Judgment reversed.