J. W. BURTON v. DURHAM REALTY & INSURANCE COMPANY
AND C. A. MANGUM.

(Filed 29 October, 1924.)

Actions—Case Submitted—Statutes—Controversies—Appeal and Error—
Dismissal.

    For the courts to pass upon a controversy submitted under the provisions of C. S., 626, the interest of the parties must be antagonistic, and the case will be dismissed if it appears that the parties are one in interest, or desire the same relief.

APPEAL by plaintiff and defendants from *Cranmer, J.,* at September Term, 1924, of DURHAM.

Cause submitted under C. S., 626. The purpose of this proceeding is to ascertain whether or not good and valid titles have passed between the parties for two certain lots of land situate in Durham County, just

outside the limits of the city of Durham. The cause is submitted on an agreed statement of facts. There was a judgment of the Superior Court declaring the titles invalid, from which both sides appeal.

*Brogden, Reade & Bryant for plaintiff.*
*W. S. Lockhart for defendant Mangum.*
*R. H. Sykes for defendant Durham Realty and Insurance Company.*

STACY, J. The two adjacent lots in question, Nos. 1 and 2, were sold by the Durham Realty and Insurance Company to its codefendant, C. A. Mangum, who in turn sold them to the plaintiff. Later, the Durham Realty and Insurance Company repurchased lot No. 2, which it now owns, and lot No. 1 is owned by the plaintiff.

In the spring of the present year the plaintiff offered to sell his lot to one Joseph Simpson, not a party herein, who declined to purchase, because of an alleged defect in plaintiff's title. The court is asked to say that plaintiff has a good title to lot No. 1, and that the defendant, Durham Realty and Insurance Company, has a good title to lot No. 2.

It is apparent that there is no "question in difference" (C. S., 626) between the parties. Both sides are asking for the same thing, and everybody is interested in the same kind of judgment. The proceeding, in realty, is one to obtain the advice or opinion of the Court, and no more. We are only asked to say whether the titles are good or bad, upon the facts agreed, and there is no one present claiming adversely to any of the parties or questioning their titles. While, upon the facts presented, the titles would seem to be valid, we must dismiss the proceeding for want of a real controversy. *Kistler v. R. R.,* 164 N. C., 365; *Parker v. Bank,* 152 N. C., 253; *Board of Education v. Kenan,* 112 N. C., 567; *Millikan v. Fox,* 84 N. C., 107; *Blake v. Askew,* 76 N. C., 325; *Bates v. Lilly,* 65 N. C., 232.

Speaking to a similar situation, in *McKethan v. Ray,* 71 N. C., 165, *Pearson, C. J.,* said: "Our construction of section 315, C. C. P. (now C. S., 626), is that it does not confer upon certain parties, who differ as to their rights, to propound to the Court, on a case agreed, interrogatories in respect thereto, but that the purpose is simply to dispense with the formalities of a summons, complaint and answer, and, upon an agreed state of facts, to submit the case to the Court for decision, and thereupon the judge shall hear and determine the case and 'render judgment thereon as if an action were depending.' "

We dismiss the action, rather than the appeals, because of the adverse judgment entered in the Superior Court, which we consider erroneous. Each side will pay its own costs.

Action dismissed.