T. H. HICKS v. GREENE COUNTY.

(Filed 19 December, 1930.)

**Controversy without Action B a—It is necessary to submission of controversy that the subject-matter could be basis for a civil suit.**

The object or purpose of C. S., 626, is to determine upon a state of facts agreed by the parties, without the necessity of a formal action, questions in difference between them which might be the subject of a civil action, and where the questions arising upon the facts agreed to and submitted involve the validity of municipal bonds proposed to be issued, and the purchasers thereof are not made parties and will not be bound by the judgment, there is no matter involved that may be the subject-matter of a civil action, and an appeal from a judgment thereon of the Superior Court will be dismissed.

APPEAL by plaintiff from *Cowper, Special Judge,* at November Special Term, 1930, of GREENE. Proceeding dismissed.

The statement of facts agreed upon and submitted to the court, for its decision as to the questions of law involved, is as follows:

"1. That during the year 1921, the board of commissioners of the county of Greene sold and issued $550,000 of road and bridge bonds dated 1 July, 1921, bearing interest at the rate of six per cent per annum, and all due and payable on 1 July, 1931.

2. That the board of commissioners of the county of Greene has placed in a sinking fund and now has in hand $200,000 in government bonds and North Carolina State bonds, which will be used in paying $200,000 of said $550,000 bond issue.

3. That for the purpose of paying the remaining $350,000 of said $550,000 bond issue, after due advertisement according to law, and

under and pursuant to the provisions of the County Finance Act of 1927, and especially under and pursuant to section 8-J of said act, on 15 October, A.D. 1930, the board of commissioners of the county of Greene, pursuant to resolutions adopted by it on 13 and 30 September, 1930, sold $350,000 of serial five per cent bonds for the sum of $335,670, to be dated 1 November, 1930, and delivered about 15 November, 1930. A copy of said resolution, together with a certified copy of the entire proceedings authorizing the issue of said bonds, is hereto attached, marked Exhibit A.

4. That the said $350,000 bond issue and bond sale was, on 21 October, 1930, duly approved by the State Sinking Fund Commission by order and resolution, a copy of which is included in copy of entire proceedings authorizing the said issue of bonds hereto attached and marked Exhibit A.

5. That the General Assembly of North Carolina, at its regular session in the year 1927, enacted chapter 694 of its Public-Local Laws of the year 1927, which provided, 'That the board of county commissioners of Greene County, or other governing body of said county, shall not issue or sell any bonds of said county, or create any obligation of said county necessitating the issuance of bonds of said county, unless and until the same has been submitted to a vote of the qualified voters of said county and duly approved by a majority of the votes cast in such election: *Provided, however,* that the provisions of this act shall not apply to an issue of bonds of said county in case of fire or other casualty or unforeseen emergency necessitating an immediate issue of bonds in order that the affairs of the county can be carried on.'

6. That the purchasers of said bonds are ready, able and willing to accept and pay for the same, but will not do so until the validity of same has been approved by expert bond attorneys.

7. That upon the proceedings authorizing the issuance of said refunding bonds being submitted to bond attorneys for their approving opinion, the questions were raised: (a) as to whether chapter 694, Public-Local Laws of 1927, prohibited the board of commissioners of the county of Greene from issuing refunding bonds under the terms of the County Finance Act (chapter 81, Public Laws 1927), without a vote of the people; and (b) as to whether said refunding bonds would be issued for a special purpose as required by section 6 of Article V of the Constitution of North Carolina."

Upon the foregoing statement of facts agreed, the plaintiff and the board of commissioners of the county of Greene, desire an adjudication:

1. Is it necessary by reason of the provisions of said chapter 694, Public-Local Laws of 1927, to first submit the question of issuing the $350,000 of bonds to a vote of the qualified voters of Greene County?

2. Are the proposed bonds for a special purpose and to defray a necessary expense and can the board of commissioners lawfully issue and sell refunding bonds for the special purpose of paying valid bonded indebtedness incurred for necessary expenses evidenced by bonds due or to become due within one year from the time of the passage of the order authorizing same, the bonds to be paid in this case having been issued in the year 1921?

3. Will the $350,000 of bonds referred to and described in agreed fact No. 3 herein, when issued and paid for, be a valid indebtedness of said Greene County?"

Upon the foregoing statement of facts agreed, the judgment of the Superior Court was as follows:

"This cause coming on to be heard at the November Special Term, 1930, of the Superior Court of Greene County, before the Honorable G. V. Cowper, judge presiding, and being heard upon the facts agreed upon and submitted to the court for decision in the above-entitled controversy without action;

Now, on motion, it is considered and adjudged by the court:

First. That the $350,000 of refunding bonds referred to and described in agreed fact No. 3 herein, will, when issued and paid for, be a valid indebtedness of said Greene County.

Second. That said refunding bonds issued for the purpose set out in said agreed facts will be issued for a special purpose within the meaning of section 6 of Article V of the Constitution of North Carolina, and they will also be issued to defray a necessary expense of the county within the meaning of section 7 of Article VII of said Constitution, for which reasons it will not be necessary to submit the question as to the issue of said bonds to a vote of the people.

Third. It was not intended by the General Assembly in enacting chapter 694 of the Public-Local Laws of 1927, to prohibit the board of commissioners of the county of Greene from issuing refunding bonds under section 8-J of the County Finance Act (chapter 81, Public Laws of 1927) without a vote of the people, to pay valid bonded indebtedness of the county outstanding before the year 1927.

The plaintiff will pay the costs."

From the said judgment plaintiff appealed to the Supreme Court.

*R. H. Taylor for plaintiff.*
*L. V. Morrill for defendants.*

CONNOR, J. This appeal was submitted to this Court without oral argument, under Rule 10, 192 N. C., p. 844. It has been considered only on the record and on the printed briefs of counsel for both parties.

It is apparent from a reading of the statement of facts agreed upon and submitted to the court below, and of the briefs filed in this Court, that there is no question in difference between the parties hereto, which might be the subject of a civil action for the determination of their respective rights on the facts agreed. C. S., 626. There is no real controversy between the parties, requiring a judgment of the Court to determine these rights. Both parties are asking for the same thing, to wit: that the questions propounded be answered by the Court relative to the validity of the bonds, which the board of commissioners of Greene County have issued and sold, and which the purchaser of said bonds has declined to accept and pay for on the advice of his attorney that the validity of the bonds is at least doubtful. The real controversy arising upon the facts agreed is not between the parties hereto, but between the board of commissioners of Greene County and the purchaser of the bonds.

Neither the answers to the questions propounded nor the judgment in accordance therewith will be binding on the purchaser of the bonds, who is not a party to this proceeding. Under the authority of *Burton v. Realty Co.,* 188 N. C., 473, 125 S. E., 3, this proceeding must be dismissed.

C. S., 626 confers no jurisdiction on the courts of this State to render an advisory opinion as to the law upon facts agreed. The purpose of the statute, as appears from its language and as uniformly construed by this Court, is to enable parties to a question in difference, which might be the subject of a civil action, where they agree as to the facts involved, to submit the facts to the Court, for its decision of the question in difference, and for its judgment in accordance therewith, without the expense and formalities required for a civil action. *Farthing v. Carrington,* 116 N. C., 315, 22 S. E., 9; *McKethan v. Ray,* 71 N. C., 165. Where, as in the instant case, the parties submit to the Court questions of law arising upon facts agreed, without showing that they have rights involved in the questions, upon which they would be entitled to judgment, in a civil action the Court is without jurisdiction, under C. S., 626, and should decline to consider the questions submitted for its decision.

Inasmuch as the principal question sought to be presented by this appeal for decision by this Court, involves the construction of chapter 694, Public-Local Laws of 1927, it may be noted that this statute was ratified on 9 March, 1927, and by its express terms has been in full force and effect since said date. It has not been amended, modified or repealed by any subsequent statute. It is therefore now in full force and effect.

The County Finance Act (chapter 81, Public Laws of 1927) was ratified on 7 March, 1927, and by its express terms has since been in

full force and effect. The bonds issued and sold by the board of commissioners of Greene County, under the provisions of this act are valid, unless the provisions of chapter 694, Public-Local Laws of 1927, are applicable to these bonds.

By the provisions of chapter 694, Public-Local Laws of 1927, the board of commissioners of Greene County are forbidden to issue any bonds of said county, without the approval first obtained of a majority of the qualified voters of said county, with certain exceptions which do not include bonds for refunding bonds issued and outstanding at the date of its ratification. It would seem that the statute is applicable to refunding bonds, and that such bonds are not valid, unless their issuance has been approved as required by the statute. We find nothing in the language of the statute which shows a contrary intention of the General Assembly.

For the reasons stated in this opinion the proceeding is
Dismissed.