W. B. WRIGHT, MRS. ELIZABETH HICKS JOHNSON, MRS. ELLEN D.
SHORE, AND J. WILBUR BUNN, CONSTITUTING THE MAJORITY OF THE
TRUSTEES OF REX HOSPITAL, v. J. W. McGEE, ONE OF THE TRUSTEES
OF REX HOSPITAL.

(Filed 28 February, 1934.)

1. **Actions B g—Action held not to involve rights, status or legal rela-
tions of parties and not to come within Declaratory Judgment Act.**

An action by the majority of the trustees of a charitable corporation
against a minority of the trustees to determine a controversy between
them as to the power of the corporation to mortgage its property for the
purpose of obtaining funds necessary to the furtherance of the charity
for which it was created, in which action the corporation is not made a
party, *is held* not to come within the provisions of the Declaratory Judg-
ment Act, chap. 102, Public Laws of 1931, it not appearing that any
controversy exists between plaintiffs and defendants as to their respective
rights, status, or legal relations with respect to the property of the cor-
poration, and the action is dimissed on appeal to the Supreme Court.

2. **Pleadings D d—Failure to demur cannot confer jurisdiction on courts.**

The failure of defendant to demur to the complaint in an action does
not confer jurisdiction on the trial court or upon the Supreme Court
and where the courts have no jurisdiction of the action it will be dis-
missed in the Supreme Court on appeal from judgment rendered therein.

APPEAL by defendant from *Harris, J.,* at Chambers in the city of
Raleigh, on 5 February, 1934. From WAKE. Action dismissed.

This action was begun in the Superior Court of Wake County under
the authority, and pursuant to the provisions of chapter 102, Public
Laws of North Carolina, 1931, which is entitled "An act to authorize
declaratory judgments."

The plaintiffs and the defendant constitute the trustees of Rex
Hospital, a corporation created by the General Assembly of North
Carolina. Chapter 6, Private Laws of North Carolina, 1840-41. The
said corporation is now the owner of certain property, real and personal,
situate in the city of Raleigh, and known as Rex Hospital. The said
hospital is operated primarily as a public charity, and is maintained
and supported by said corporation with funds derived from certain
endowments and donations which have been made to it to enable the
said corporation to provide hospital facilities for poor and afflicted
persons who reside in the city of Raleigh. These funds are insufficient
in amount for the adequate support and maintenance of said hospital,
and for this reason are supplemented by funds derived from patrons
of said hospital, who are able to pay and who do pay for the services
rendered to them by said corporation.

The buildings and equipment of Rex Hospital are now inadequate for
the purposes of a modern hospital, and certain repairs and improvements

WRIGHT *v.* McGEE.

are necessary in order that the corporation may continue to receive patronage which will enable it to provide hospital facilities for poor· and afflicted persons residing in the city of Raleigh. The corporation is without funds to pay for such repairs and improvements and for that reason has applied to the Public Works Administration, an agency of the government of the United States, for a loan of $250,000, to be expended by the said corporation in making said repairs and improvements, and in enlarging the facilities of Rex Hospital. If the application is approved, and if the loan is made, the corporation will be required by said Public Works Administration to secure the same by a mortgage or deed of trust on all its property, both real and personal, situate in the city of Raleigh, and known as Rex Hospital.

The plaintiffs, who constitute a majority of the trustees of Rex Hospital, contend that the corporation has the power to borrow money for the purpose of repairing and improving its property, and of enlarging the facilities of Rex Hospital, and to secure the payment of money loaned for such purposes by a mortgage or deed of trust on its property. The defendant, who is one of the trustees of Rex Hospital, contends to the contrary. The sole question presented for determination is whether the trustees of Rex Hospital, as a corporate body, have the power to borrow money for the purpose of repairing and improving said hospital, and of enlarging its facilities, and to secure the payment of the same by a mortgage or deed of trust on said hospital.

On the facts alleged in the complaint and admitted in the answer, the court concluded:

"1. That all persons interested in this controversy have been duly served with summons and are now before the court. That the defendant J. W. McGee has duly filed an answer by his counsel admitting the facts as alleged in the petition, but seriously controverting the right of the trustees of Rex Hospital to borrow money under said state of facts, and as a matter of law.

2. That the court has jurisdiction of this action and of all parties concerned, by reason of the power conferred upon it by chapter 102, Public Laws of North Carolina, 1931, known as 'The Uniform Declaratory Judgment Act.'

3. That the court is of the opinion and so holds upon the foregoing findings of fact that the trustees of Rex Hospital have full power to accept the loan offered by the Public Works Administration, to borrow money and to pledge therefor the physical property now in the hands of said trustees known as Rex Hospital, as security therefor, by way of mortgage, deed of trust, or other legal instrument, and to do any and all things necessary and proper to the completion of said loan, the proceeds of which shall be used for the purpose of either improving the present

hospital building or building a new hospital and providing equipment for the same."

It was thereupon ordered, considered, adjudged, and decreed by the court:

"1. That the trustees of Rex Hospital and their successors have and are hereby fully clothed with the power to borrow money for the purpose of improving the present hospital and its equipment and/or of erecting a new hospital and providing such equipment; to pledge the physical property of the institution known as Rex Hospital as security for said loan and to execute a mortgage, a deed of trust, or any other legal instrument pledging said property; to execute notes or bonds representing the indebtedness involved and to do any and all things necessary to a proper and legal conclusion of said loan; and said trustees of Rex Hospital or their successors are hereby adjudged to have full power to accept the loan from the Public Works Administration, or any other corporation making a loan to said trustees for the purposes above expressed; and to do any and all things necessary for the acceptance and conclusion of the same, including the power to alienate as above provided.

2. It is further ordered that the costs of this action be taxed against the defendant by the clerk."

The defendant excepted to the judgment and appealed to the Supreme Court.

*Thomas W. Ruffin for plaintiffs.*
*Banks Arendell for defendant.*

CONNOR, J. The plaintiffs and the defendant in this action, as was said of the parties in *Poore v. Poore,* 201 N. C., 791, 161 S. E., 532, have misconceived both the purpose and the scope of chapter 102, Public Laws of North Carolina, 1931, which is entitled "An act to authorize declaratory judgments." The bill which was enacted by the General Assembly of this State, was approved by the National Conference of Commissioners on Uniform State Laws, in 1922, and has been adopted and is now in force in at least twenty states. See Uniform Laws Annotated, Vol. 9, page 120. The act has been in full force and effect in this State since its ratification on 12 March, 1931.

Prior to its enactment, the courts of this State had no jurisdiction to render advisory opinions with respect to, or judgments declaring the rights and liabilities of parties to actions or proceedings on an agreed statement of facts. *Hicks v. Greene Co.,* 200 N. C., 73, 156 S. E., 164. Such jurisdiction was not conferred by C. S., 626, *Burton v. Realty Co.,* 188 N. C., 473, 125 S. E., 3. Actions or proceedings in which on the facts agreed there was no real controversy as to questions of law arising

on such facts, which might be the subject of a civil action, were dismissed, for the reason that the Court was without jurisdiction to determine such questions. *Hicks v. Greene Co., supra, Burton v. Realty Co., supra.* The distinction between C. S., 626, and chapter 120, Public Laws of .North Carolina, 1931, is obvious. In *Light Co. v. Iseley,* 203 N. C., 811, 167 S. E., 256, it is said: "It need not be alleged in the complaint or shown at the trial, in order that the Court shall have jurisdiction of an action instituted under the authority and pursuant to the provisions of chapter 120, Public Laws of North Carolina, 1931, that the question in difference between the parties is one which might be the subject of a civil action at the time the action was instituted. It is not required for purposes of jurisdiction that the plaintiff shall allege or show that his rights have been invaded, or violated by the defendants, or that the defendants have incurred liability to him, prior to the commencement of the action. It is required only that the plaintiff shall allege in the complaint and show at the trial, that a real controversy, arising out of their opposing contentions as to their respective legal rights and liabilities under a deed, will or contract in writing, or under a statute, municipal ordinance, contract or franchise, exists between or among the parties, and that the relief prayed for will make certain that which is uncertain, and secure that which is insecure. See *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 727."

In the instant case, it does not appear from the facts alleged in the complaint that the plaintiffs or the defendant, who is each a party to the action in his or her individual capacity, have any rights, status or legal relations which are involved in the question of law which it is sought to have determined by a declaratory judgment. There is no controversy between the plaintiffs and the defendant as to their respective rights, status, or legal relations, with respect to the property now held by the corporation and subject to a charitable trust. The corporation created by the General Assembly of this State, and existing under the name of the trustees of Rex Hospital, is not a party to the action, although the question submitted to the court for the determination involves the powers of the corporation, and not the powers of the individuals who constitute the corporation.

We are of opinion that on the facts alleged in the complaint, admitted in the answer, and found by the court, the court had no jurisdiction of the action, and for that reason the action should have been dismissed.

The failure of the defendant to demur to the complaint did not confer jurisdiction of this action on the Superior Court, nor does such failure confer jurisdiction on this Court of defendant's appeal from the judgment which was adverse to his contention. In *Heller v. Shapiro,* 208 Wis., 310, 242 N. W., 174, 87 A. L. R., 1201, dismissing the action, the

Court said: "While the point was nowhere raised by the appellant in the course of the litigation, we consider the case is not one for declaratory relief, and that the trial court should not have entertained jurisdiction of it. We construe the declaratory relief statute as only justifying a declaration of rights upon an existing state of facts, not upon a state of facts that may or may not exist."

We refrain from discussing the question which the parties to this action have sought to present for determination by a declaratory judgment. In *Shannonhouse v. Wolfe,* 191 N. C., 769, 133 S. E., 93, it was held that where trustees who held property impressed with a charitable trust had mortgaged the same to secure money which had been expended by the trustees in improving the property, the mortgage was void, for the reason that the trustees were without power to borrow the money and to secure the same by the mortgage. Whether in an action or proceeding to which the trustee of a charitable trust, corporate or otherwise, is a party, a court of equity has the power to authorize the trustee to borrow money to preserve the trust and to secure the same by a mortgage or deed of trust on the property, is too serious a question to be discussed or decided, until it shall be clearly presented to this Court. If the power exists, it is manifest, it should be exercised with great care, and only when it clearly appears that the preservation of the trust requires the trustees to borrow money which they can do only by securing its payment by a mortgage or deed of trust on property conveyed, devised, bequeathed or donated to the trustees in trust for a charitable use. We have been unable to find any case in which a court with equity jurisdiction has exercised such power. The power to authorize the sale of property impressed with a trust for charity, and the investment of the proceeds of the sale in other property to be held under the same, or like a trust, does not necessarily include the power to authorize a mortgage or deed of trust on the property, which may result in the loss of the property upon the foreclosure of the mortgage or deed of trust.

Action dismissed.