C. M. CASTEVENS v. STANLY COUNTY, T. R. WOLFE, AS CHAIRMAN, AND J. V. BARRINGER AND JOHN L. LITTLE, AS MEMBERS, AND D. L. CROWELL AS CLERK, RESPECTIVELY, OF THE BOARD OF COMMISSIONERS OF STANLY COUNTY.

(Filed 9 June, 1937.)

**1. Constitutional Law § 4—**

The legislative powers of the people of the State are vested in the General Assembly, subject only to limitations contained in the State and Federal Constitutions.

**2. Actions § 2: Taxation § 37—Statute providing for action by taxing unit to have bond issue declared valid is not unconstitutional as imposing on courts nonjudicial function of determining moot question.**

Ch. 186, Public Laws of 1931, secs. 4 to 8, inclusive, as amended (N. C. Code, 2492 [55 to 59]), providing that a taxing unit of the State may institute action against its residents and taxpayers to have the validity of a proposed bond issue and proposed taxes for payment of the indebtedness determined by judgment of the court, provides for an action in the nature of an adversary proceeding *in rem*, and contemplates that the court should determine whether the proposed bond issue is valid or not in accordance with the issues of fact and law which may be raised by the pleadings, and the act is not unconstitutional as attempting to impose upon the courts the nonjudicial function of determining moot or hypothetical questions. N. C. Constitution, Art. I, sec. 8; Art. IV, sec. 12.

**3. Constitutional Law § 16: Process § 5—Persons in well defined class may be served by publication in action in rem without being named in summons.**

A suit by a taxing unit to have declared valid a proposed bond issue and proposed taxes for the payment of the indebtedness, N. C. Code, 2492 (55 to 59), is declared by the act to be in the nature of a proceeding *in rem*, and its provisions that residents and taxpayers of the unit may be served by publication without their names being stated in the complaint or summons is valid, and the contention of a taxpayer of the unit that a judgment under the act deprives him of property without due process of law because he was not personally served with summons is untenable, since a well defined class may be served with summons in this manner in proceedings *in rem*, and since the procedure prescribed by the act affords each taxpayer notice and an opportunity to appear and file such pleadings as he may be advised. N. C. Constitution, Art. I, sec. 17; Fourteenth Amendment to the Federal Constitution.

**4. Taxation § 37: Process § 5—Service by publication is complete the day the last notice is published.**

In this suit by a taxing unit to have a proposed bond issue declared valid, N. C. Code, 2492 (55 to 59), summons was served by publication for three successive weeks as required by the act, and defendants were required by said publication to file answer within twenty-one days from the date of the last publication. *Held:* "Full publication" was complete as

required by the act on the day the last notice was published, and the contention that publication was not complete until a week from the publication of the last notice and that defendants should have been given twenty days from that date to file answer is untenable, publication once a week for three successive weeks being all that is required by the statute.

**5. Taxation § 37—Taxpayer is concluded by final judgment in suit by taxing unit declaring proposed bond issue valid.**

A judgment in a suit by a taxing unit declaring that bonds which the unit proposed to issue were for the purpose of refunding bonds of the unit which had been issued by it as an administrative agency of the State for the purpose of maintaining the constitutional school term, and that other bonds which the unit proposed to issue were for refunding bonds which had been issued by it for necessary expenses, and that therefore taxation to pay principal and interest on the bonds would not be subject to the constitutional limitation on the tax rate, *is held* conclusive on a taxpayer in his subsequent suit challenging the validity of the bonds on the very issues determined by the prior judgment.

APPEAL by plaintiff from *Warlick, J.,* at Chambers in the town of Rockingham, N. C., on 7 April, 1937.   Affirmed.

This is an action to enjoin the issuance and sale of bonds of Stanly County, which the defendants, the chairman, members, and clerk of the board of commissioners of said county are about to issue and sell, pursuant to resolutions adopted by said board, in accordance with the provisions of the County Finance Act of North Carolina.

The plaintiff C. M. Castevens is a citizen and resident of Stanly County, and owns property in said county, which is subject to taxation. The allegations of his complaint are as follows:

"3. That the defendants are about to issue bonds of Stanly County in the aggregate principal sum of $41,500, designated as 'School Funding Bonds,' pursuant to the provisions of the County Finance Act of North Carolina, as amended, and as authorized by an order adopted by the board of commissioners of Stanly County on 25 May, 1936.  A copy of said order, marked Exhibit A, is attached hereto and is made a part hereof.

"4. That the defendants are about to issue bonds of Stanly County in the aggregate principal sum of $18,500, designated as 'General Funding Bonds,' pursuant to the provisions of the County Finance Act of North Carolina, as amended, and as authorized by an order adopted by the board of commissioners of Stanly County on 25 May, 1936.  A copy of said order, marked Exhibit B, is attached hereto and is made a part hereof.

"5. That each of said orders referred to in paragraphs 3 and 4 hereof provides that a tax sufficient to pay the principal of and the interest on the bonds authorized thereby, when due, shall be levied and collected

annually. The defendants are about to levy said tax pursuant to said orders. The rate of said tax about to be levied, together with the rate of the tax to be levied by the defendants this year for the ordinary and current expenses of Stanly County, will exceed fifteen cents on the one hundred dollar valuation of property in said county. Each of said bonds, if issued, will contain a recital as follows:

" 'The full faith and credit of said county are hereby pledged for the punctual payment of the principal of and the interest on this bond, according to its terms.'

"6. That the order referred to in paragraph 3 hereof determined that the indebtedness to be funded by means of said School Funding Bonds was incurred for the construction, reconstruction, or repair of school buildings required to enable Stanly County, as an administrative agent of the State of North Carolina, to maintain schools in said county for a minimum school term of six months, as required by the Constitution of North Carolina. The said School Funding Bonds, if issued, will contain a recital that they were issued 'to fund indebtedness incurred by said county as an administrative unit of the public school system of North Carolina, for the maintenance of schools in said county for the six months term required by the Constitution of North Carolina.'

"7. That the order referred to in paragraph 4 hereof determined that the indebtedness to be funded by means of said General Funding Bonds was incurred for the purpose of repairing, remodeling, and making additions to the courthouse of Stanly County. The said General Funding Bonds, if issued, will contain a recital that they were issued 'to fund indebtedness incurred for purposes which constitute necessary expenses of said county, within the meaning of section 7 of Article VII of the Constitution of North Carolina, and also for special purposes within the meaning of section 6 of Article V of said Constitution.'

"8. That the plaintiff is informed and believes that the indebtedness sought to be funded by means of said School Funding Bonds, and by means of said General Funding Bonds, was not incurred either for school purposes or for courthouse purposes, or for any special purpose within the meaning of section 6 of Article V of the Constitution of North Carolina, but he is informed and believes that all of said indebtedness was incurred in anticipation of taxes to provide funds to meet the ordinary and current expenses of Stanly County, and that no tax can be levied to pay said indebtedness or to pay bonds issued to fund said indebtedness, unless said tax is levied within the fifteen cent limitation prescribed by section 6 of Article V of the Constitution of North Carolina.

"9. That by reason of the recitals to be contained in said School Funding Bonds, and in said General Funding Bonds, as alleged in para-

graphs 6 and 7 of this complaint, Stanly County, if said bonds are issued and sold, would be estopped, as against a *bona fide* purchaser of said bonds, or of any of them, to deny that said bonds were issued for purposes for which a tax may be levied without regard to the limitation prescribed by section 6 of Article V of the Constitution of North Carolina. It is necessary, therefore, that the issuance and sale of said bonds be enjoined and restrained, in order to prevent the levy of taxes for their payment in violation of section 6 of Article V of the Constitution of North Carolina."

In the answer to the complaint filed by the defendants all the foregoing allegations are admitted, except the allegations contained in paragraphs 8 and 9. These allegations are denied.

In his complaint the plaintiff further alleges:

"10. That on 4 February, 1937, a decree was entered in the Superior Court of Stanly County declaring that the 'School Funding Bonds' and the 'General Funding Bonds,' which the defendants are about to issue and sell, and the means of payment provided therefor, including the provisions made for the levy of a sufficient tax, are valid.

"Said decree was entered in an action entitled 'Stanly County, plaintiff, *v.* Each and all the owners of taxable property within the county of Stanly, and each and all the citizens residing in said county, and J. N. Auten, on his own behalf and on behalf of all other taxpayers and citizens of the county of Stanly, defendants.' Said action was begun and was prosecuted in accordance with the provisions of sections 4 to 8, inclusive, of chapter 186, Public Laws of North Carolina, 1931, as amended, and under the provisions of the Uniform Declaratory Judgment Act. No appeal was taken from said decree as authorized by law. See Exhibit H, attached hereto and made a part hereof.

"The plaintiff in this action was not served personally with summons or other process in said action. He is informed and believes that J. N. Auten, a defendant in said action, was served personally with process in said action, but that said J. N. Auten filed no answer or other pleading in said action.

"A summons addressed to the defendants in said action, requiring them to appear and answer or demur to the complaint in said action, not later than 22 December, 1936, was first published on 17 November, 1936, and subsequently on 24 November, 1936, and on 1 December, 1936, in the 'Stanly News & Press,' a newspaper published and circulating in Stanly County. Copies of said decree and of said summons, marked Exhibits F and G, respectively, are attached hereto and made parts hereof.

"11. That the plaintiff in this action is not bound by said decree under the Uniform Declaratory Judgment Act, because the action did not

involve a justiciable controversy, and said act does not confer jurisdiction to determine moot or hypothetical questions, and further because plaintiff was not brought within the jurisdiction of the court by which the decree was rendered by personal service of process.

"12. That said decree is not binding upon the plaintiff in this action under the provisions of sections 4 to 8, inclusive, of chapter 186, Public Laws of North Carolina, 1931, as amended, because said statute is unconstitutional as applied to the plaintiff. Said statute is in violation of section 8 of Article I and section 12 of Article IV of the Constitution of North Carolina, for the reason that said statute imposes upon the courts of this State the nonjudicial function of determining moot or hypothetical questions. Said statute is also in violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States, for that the statute authorizes the entering of a final decree, purporting to be binding on a citizen and on his taxable property, in an action in which summons or other process has been served on him only by publication.

"13. That in any event jurisdiction was not obtained of the plaintiff in this action by the court in which said decree was rendered, because the order of the court directing publication of summons and the summons as published contained an unlawful limitation upon the time within which the defendants in said action were required to appear and answer or demur to the complaint.

"Said order as made by the court, and said summons as published, required the defendants to appear and answer or demur to the complaint not later than 22 December, 1936. It is provided in section 4 of chapter 186, Public Laws of North Carolina, 1931, as amended, that summons in an action begun in accordance with the provisions of said statute shall be published 'once a week for three successive weeks,' and that an interested person may become a party to said action, and that the defendants and all interested persons may appear at any time before the expiration of twenty days from and after the 'full publication' of such summons. The summons in said action was published on 17 November, 1936, on 24 November, 1936, and on 1 December, 1936. The three weeks publication of the summons in said action as required by the statute was not full and complete until 8 December, 1936. The defendants in said action were entitled under the statute to appear and answer or demur to the complaint at any time not later than 28 December, 1936, whereas they were required by the summons as published to appear and answer or demur not later than 22 December, 1936."

In the answer to the complaint filed by the defendants, all allegations contained in the foregoing paragraphs of the complaint are denied. Further answering the complaint, the defendants allege:

"13. That neither the plaintiff in this action nor any other person requested an extension of time before or after 22 December, 1936, within which to appear in said action and to answer or demur to the complaint therein.

"14. That no appeal was taken from the decree of the Superior Court of Stanly County rendered in the action entitled 'Stanly County, plaintiff, *v.* Each and all the owners of taxable property within the county of Stanly, and each and all citizens residing in said county, and J. N. Auten, on his own behalf and on behalf of all other taxpayers and citizens of the county of Stanly, defendants,' within thirty days from the date of the rendition of said decree, as authorized by statute, and that for this reason the decree that the 'School Funding Bonds' and the 'General Funding Bonds,' described in the complaint in this action, and the orders of the board of commissioners of Stanly, authorizing and directing the issuance and sale of said bonds, are valid, is binding upon the plaintiff in this action, and that plaintiff is now estopped by said decree from contesting the validity of said bonds, or said orders."

The action was heard, on the motion of the defendants for judgment on the pleadings, by consent of plaintiff and defendants, by the judge of the Superior Court holding the courts of the Thirteenth Judicial District, at his Chambers in the town of Rockingham, N. C., on 7 April, 1937.

On the facts alleged in the complaint, and admitted in the answer, the judge was of opinion and held:

"1. That the summons in the action entitled 'Stanly County, plaintiff, *v.* Each and all of the owners of taxable property within the county of Stanly, and each and all the citizens residing in said county, and J. N. Auten, on his own behalf and on behalf of all other taxpayers and citizens of the county of Stanly, defendants,' and the publication of said summons were in compliance with the statute, and were sufficient to give the court jurisdiction of the action and of the parties thereto.

"2. That sections 4 to 8, inclusive, of chapter 186, Public Laws of North Carolina, 1931, as amended, under which the decree dated 4 February, 1937, was rendered by the Superior Court of Stanly County in the action instituted in said court, are not unconstitutional either on the ground that nonjudicial functions are conferred by said sections on the courts of this State, or on the ground that due process of law is denied by said sections, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States, or in violation of the provisions of section 17 of Article I of the Constitution of North Carolina.

"3. That said decree, dated 4 February, 1937, is *res judicata,* and the plaintiff is estopped by said decree from attacking the validity of the

bonds described in his complaint, or of the orders of the board of commissioners of Stanly County, authorizing and directing the issuance and sale of said bonds.

"4. That it is not necessary to pass upon the question presented by the pleadings in this action as to whether the plaintiff is bound by said decree by virtue of the provisions of the Uniform Declaratory Judgment Act of North Carolina."

It was accordingly ordered, considered, and adjudged by the court, that plaintiff's application for a restraining order or injunction be and the same was denied, and that the action be and the same was dismissed. It was ordered that plaintiff pay the costs of the action.

The plaintiff excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment as signed by the court.

*H. C. Turner for plaintiff.*
*R. L. Smith & Sons and Reed, Hoyt & Washburn for defendants.*

CONNOR, J. Chapter 186, Public Laws of North Carolina, 1931, is entitled "An act to provide the manner in which the issuance of bonds or notes of a unit, and the indebtedness of a unit, may be validated."

In section 1 of said act, the word "unit," as used therein, is defined as "a county, city, town, township, school district, school taxing district, or other district or political subdivision of government of the State."

Sections 4 to 8, inclusive, of said act, as amended by chapter 290, Public Laws of North Carolina, 1935 (see N. C. Code of 1935, section 2492, subsections 55 to 59, inclusive), now read as follows:

"Sec. 4. At any time after the adoption of an ordinance, resolution, or order for the issuance of refunding or funding bonds of a unit by the board authorized by law to issue the same, and following the approval of the issuance of such bonds by the Local Government Commission, and prior to the issuance of any such bonds, such board may cause to be instituted in the name of the unit an action in the Superior Court of any county in which all or any part of the unit lies, to determine the validity of such bonds and the validity of the means of payment provided therefor.

"Such action shall be in the nature of a proceeding *in rem,* and shall be against each and all the owners of taxable property within the unit, and each and all the citizens residing in the unit, but without any requirement that the name of any such owner or citizen be stated in the complaint or in the summons.

"Jurisdiction of all parties defendant may be had by publication of a summons once a week for three successive weeks in some newspaper of general circulation published in each county in which any part of the

unit lies, and jurisdiction shall be complete within twenty days after the full publication of such summons in the manner herein provided. Any interested person may become a party to such action, and the defendants and all others interested may at any time before the expiration of such twenty days appear and by proper proceedings contest the validity of the indebtedness to be refunded or funded or the validity of such refunding or funding bonds, or the validity of the means of payment provided therefor.

"The complaint shall set forth briefly by allegations, references, or exhibits the proceedings taken by such board in relation to such bonds and the means of payment provided therefor, and, if an election was held to authorize such issuance, a statement of that fact, together with a copy of the election notice and of the official canvass of votes and declaration of the result. There shall similarly be set forth in the complaint a statement of the amount, purpose, and character of the indebtedness to be refunded or funded, and such other allegations as may be relevant. The prayer of the complaint shall be that the court find and determine as against the defendants the validity of such bonds and the validity of the means of payment so provided.

"Sec. 5. The trial of such action shall be in accordance with the Constitution and laws of the State; and the rules of pleading and practice provided by the Consolidated Statutes and court rules for civil actions, including the procedure for appeals, which are not inconsistent with the provisions of this act, are hereby declared applicable to all actions herein provided for: *Provided, however,* that an appeal from a decree in such action must be taken within thirty days from the date of the rendition of such decree.

"The court shall render a decree either validating such bonds and the means of payment provided therefor, or adjudging that such bonds and the means of payment provided therefor are, in whole or in part, invalid and illegal.

"Sec. 6. If (a) the Superior Court shall render a decree validating such bonds and the means of payment provided therefor, and no appeal shall be taken within the time prescribed herein, or (b) if taken, the decree validating such bonds and the means of payment provided therefor shall be affirmed by the Supreme Court, or (c) if the Superior Court shall render a decree adjudging that such bonds and the means of payment provided therefor are, in whole or in part, invalid and illegal, and on appeal the Supreme Court shall reverse such decree and sustain the validity of such bonds and the means of payment provided therefor (in which case the Supreme Court shall issue its mandate to the Superior Court requiring it to render a decree validating such bonds and the means of payment provided therefor), the decree of the Superior Court

validating such bonds and the means of payment provided therefor shall be forever conclusive as to the validity of such bonds and the validity of the means of payment provided therefor as against the unit and as against all taxpayers and citizens thereof, to the extent of the matters and things pleaded, or which might have been pleaded, and to such extent the validity of said bonds and means of payment thereof shall never be called in question in any court in this State.

"Sec. 7. The costs in any action brought under this act may be allowed and apportioned between the parties or taxed to the losing party, in the discretion of the court.

"Sec. 8. If the complaint in any action brought under this act, or an exhibit attached to such complaint, shows that an ordinance or resolution has been adopted by the unit providing that a tax sufficient to pay the principal and interest of the bonds or notes involved in such action is to be levied and collected, such ordinance or resolution shall be construed as meaning that such tax is to be levied without regard to any constitutional or statutory limitation of the rate or amount of taxes, unless such ordinance or resolution declares that such limitation is to be observed in levying such tax."

By the provisions of section 4 to 8, inclusive, of chapter 186, Public Laws of North Carolina, 1931, as amended by chapter 290, Public Laws of North Carolina, 1935, the General Assembly of North Carolina, in which are vested all the legislative powers which reside primarily in the people of this State, subject only to limitations contained in the Constitution of the United States and in the Constitution of North Carolina, has authorized any local governmental unit in this State, as defined in section 1 of the act, whose governing body, in the exercise of its statutory powers, has ordered and directed that bonds of said unit for the purpose of funding or refunding its existing valid indebtedness shall be issued and sold, before the said bonds are issued or offered for sale, to institute in the Superior Court of this State an action in which the said court shall have power to render a decree or judgment that said bonds are or are not valid. The action authorized by the statute is in the nature of a proceeding *in rem*, and is adversary both in form and in substance. The statute contemplates that issues both of law and of fact may be raised by pleadings duly filed, and that such issues shall be determined by the court. The court has no power by virtue of the statute to validate bonds which are for any reason invalid. It has power only to determine whether or not on the facts as found by the court and under the law applicable to these facts, the bonds are valid. This is a judicial power, and in its exercise the court is performing a judicial function. The contention of the plaintiff in this action to the contrary cannot be sustained. This contention is not supported by

either *Tregea v. Madesto Irrigation District*, 164 U. S., 178, 41 L. Ed., 395, or by *Wright v. McGee*, 206 N. C., 52, 173 S. E., 31.   See *People v. Linda Vista Irrigation District* (Cal.), 61 Pac., 81; *Fidelity National Bank & Trust Company of Kansas City v. Swope*, 274 U. S., 123, 71 L. Ed., 959; and *O'Neal v. Mann*, 193 N. C., 153, 136 S. E., 379.

The statute provides that "each and all the owners of taxable property within the unit, and each and all the citizens residing in the unit, shall be made parties defendant to the action."   It is expressly provided in the statute that it shall not be required that "the name of any such owner or citizen be stated in the complaint or in the summons," and that "jurisdiction of all parties defendant may be had by publication of a summons once a week for three successive weeks in some newspaper of general circulation published in each county in which any part of the unit lies." "Jurisdiction of all parties to the action shall be complete within twenty days after the full publication of such summons in the manner herein provided."

The contention that an owner of taxable property within the unit, or a citizen residing therein, may be deprived of his property, without due process of law, or contrary to the law of the land, by a decree or judgment in the action declaring or adjudging that the bonds and tax to be levied for their payment, are valid, because it is not required by the statute that his name shall appear in the summons or in the complaint, or that the summons shall be served on him personally, cannot be sustained.   The action is declared by the statute to be in the nature of a proceeding *in rem*.   In such case, all persons included within a well defined class may be made parties defendant, and service of summons by publication is sufficient, although such persons are not named in the summons.   See *Bernhardt v. Brown*, 118 N. C., 700, 24 S. E., 527.   In the opinion in that case it is said summons may be served by publication, in cases authorized by law, in proceedings *in rem*.

It is further provided in the statute that where a decree or judgment has been rendered in an action instituted and prosecuted in accordance with its provisions, declaring or adjudging that the bonds and the tax to be levied for their payment, are valid, such decree or judgment shall be binding and conclusive as against all taxpayers and citizens of the unit, to the extent of all matters and things which were or which might have been pleaded in the action, and that with respect to such matters and things the validity of the bonds and the tax shall not be called in question in any court of this State.

The contention that by this provision an owner of taxable property within the unit, or a citizen residing therein, is estopped from challenging the validity of the bonds and of the tax, without having had an opportunity to be heard, cannot be sustained.   No decree or judgment

adverse to his rights can be rendered in an action instituted and prosecuted in accordance with the provisions of the statute, until every taxpayer and citizen of the unit has been lawfully served with summons, and until he has had ample opportunity to appear and file such pleadings as he may wish. If he has failed to avail himself of his constitutional rights, which are fully protected by the statute, he has no just ground of complaint that the court will not hear him when he invokes its aid after the decree or judgment has been finally rendered, and others have relied upon its protection.

After full and careful consideration, we are of the opinion that there was no error in the holding of the judge of the Superior Court, at the trial of this action, that sections 4 to 8, inclusive, of chapter 186, Public Laws of North Carolina, 1931, as amended by chapter 290, Public Laws of North Carolina, 1935 (see section 2492, subsections 55 to 59, inclusive, Code of N. C., 1935), are not unconstitutional either on the ground that the statute confers nonjudicial functions on the Superior Courts of this State or on the ground that the statute denies due process of law to taxpayers or citizens of a local governmental unit in this State, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States, or of the 17th section of Article I of the Constitution of North Carolina.

The plaintiff in this action further contends that conceding that the statute under which the action entitled "Stanly County, plaintiff, *v.* Each and all of the owners of taxable property within the county of Stanly, and each and all of the citizens residing in said county, and J. N. Auten, on his own behalf and on behalf of all other taxpayers and citizens of the county of Stanly, defendants," was instituted, is valid, there was error in the holding of the judge of the Superior Court that the summons and the service of summons by publication in said action were in full compliance with the provisions of the statute, and were sufficient to give the court jurisdiction of said action and of the parties thereto.

This contention cannot be sustained. The summons in said action was in strict compliance as to its form and substance with the provisions of the statute. It was published once a week for three successive weeks as required by the statute. This was sufficient.

The only issues of fact arising on the pleadings in this action involve the validity of the indebtedness of Stanly County which the defendants propose to fund by the issuance and sale of the bonds of said county, designated as "School Funding Bonds" and "General Funding Bonds," and the purposes for which said indebtedness was incurred. These identical issues were submitted to the jury at the trial of the action entitled "Stanly County, plaintiff, *v.* Each and all the owners of taxable

property within the county of Stanly, and each and all the citizens residing in said county, and J. N. Auten on his own behalf and on behalf of all other taxpayers and citizens of the county of Stanly, defendants."

These issues were answered in the affirmative, that is, the jury found that the said indebtedness is valid and was incurred for lawful purposes. The decree or judgment in that action is binding and conclusive on the plaintiff in this action. It is expressly so provided in the statute, which recognizes and applies to the action authorized by the statute the principle stated in *Eaton v. Graded School,* 184 N. C., 471, 114 S. E., 689, as follows:

"Except where some special private interest is shown, it seems to be established by the clear weight of authority that, in the absence of fraud or collusion, a final judgment on the merits rendered in a suit by a taxpayer (usually brought on behalf of himself and others similarly situated) involving a matter of general interest to the public, and instituted against a governmental body or local board, which in its official capacity represents the citizens and taxpayers of the territory affected, is binding on all residents of the district, if adverse to the plaintiff, and all may take advantage of it if the judgment is otherwise." See cases cited.

We find no error in the judgment in this action. It is

Affirmed.