FULFORD *v.* COLSTON.

ATKINSON, Presiding Justice. "The grand jury of each county (except those counties which are under a local system) shall, from time to time, select from the citizens of their respective counties five freeholders, who

shall constitute the county board of education. Said members shall be elected for the term of four years, and shall hold their offices until their successors are elected and qualified." Code, § 32-902. See *Stephenson* v. *Powell*, 169 *Ga.* 406 (156 S. E. 164). This expressly provides "terms" of tenure of office for the members, and is not to be construed as excluding "unexpired terms" to be filled by election of another in event of resignation of an incumbent. In the event of such election of a successor the succession would be for the remainder of the period his predecessor would have served had he not resigned.

(*a*) At the March term, 1934, Rowland was elected. He resigned on September 10, 1935. On September 18, 1935, Colston was elected by the grand jury, to succeed Rowland, "to fill out his unexpired term," the prescribed four-year period of which would end in 1938. Colston continued to serve, and was re-elected at the March term 1939. While he was serving the last term, the four-year period relating to 1938 and ending in 1942, a quo warranto suit was instituted against him by Fulford, October 11, 1941, claiming the office in virtue of election as successor to Colston by the grand jury at the March adjourned term, held on May 22, 1941. The case having been submitted to the judge on all questions of law and fact, judgment was rendered, sustaining the right of Colston to the office and denying the relief.

(*b*) The facts authorized the finding that Colston's term had not expired, and there was no error in the judgment. This sufficiently deals with the sole assignment of error.

*Judgment affirmed. All the Justices concur.*