R. A. GILMER v. ALBERT A. HOLTON, Clerk of the Superior Court
of Guilford County.

*Constitution—Justice of the Peace—Office—Statute—Vacancy—
Clerk of the Superior Court.*

1. The statute, Chapter 288, Laws of 1885, conferring authority upon the
   Governor to fill vacancies in the office of Justices of the Peace,
   caused by the failure of the appointees of the General Assembly to
   qualify within the time therein prescribed, is not unconstitutional.

2. The authority of the Clerks of the Superior Courts to appoint Justices
   of the Peace is confined to vacancies caused by death, resignation
   or other causes during the term.

3. The effect of the recent changes in the methods of County Govern-
   ment, is to abrogate that clause in Article 4, § 28, of the Constitution
   providing for the filling, by the appointment of the clerk, of vacan-
   cies caused "by the failure of the voters of any district to elect."

4. Subordinate officers of the government should not assume that an act
   of the Legislature is in conflict with the Constitution.  If their re-
   fusal to recognize the authority of such an act is ever justifiable, it is
   only where there is a palpable violation of the Constitution, or where
   irreparable harm may follow their action.

This was an application for *mandamus*, made in an action
in the Superior Court of GUILFORD county, and heard before
*Shepherd, Judge,* at September Term, 1887.

The facts are fully stated in the opinion.

*Mr. J. T. Morehead,* for the plaintiff.
*Mr. J. E. Boyd,* for the defendant.

SMITH, C. J.   The general assembly, at its session held in
1876–'77, passed an act to establish county governments,
wherein it is provided, under the authority of a recent con-
stitutional amendment, that justices of the peace shall be
elected by the General Assembly, and abrogating all the in-
consistent provisions contained in article seven of the con-

GILMER v. HOLTON.

stitution, except sections seven, nine and thirteen; Acts 1876–'77, chapter 141. This enactment, with some modification in its terms, is introduced into *The Code*, §819, which declares that at each regular biennial session, the General Assembly shall elect one justice of the peace for each township in the several counties of the State, who shall hold their offices for the term of six years.

It further enacts, that in addition to the justices before mentioned, and when the terms of those then in office shall expire, there shall be elected an additional justice of the peace for each township in which may be situated a city or incorporated town, and also one for every one thousand inhabitants in such city or town, who shall hold their offices for six years; that the term of office shall begin on the first Thursday in August next after the election of them severally, and those heretofore or hereafter elected, who shall remain in office until their respective terms expire.

This was followed by an act passed in 1885, chapter 288, which, repealing all laws in conflict, declares all appointments of justices of the peace made by the general assembly void, unless such appointee shall qualify within three months thereafter (section 1), and that all unfilled appointments "occurring under the provisions of the preceding section in the office of justice of the peace, shall be filled for the term, by appointment by the governor."

The present action, began by the issue of a summons on the 23d day of July, 1887, is to obtain a *mandamus* against the defendant, clerk of the Superior Court of Guilford, to compel him to administer the oath of office required of a justice of the peace, so as to enable him to assume and enter upon the duties thereof at the expiration of the term of the present incumbent. The cause coming on for trial before Shepherd, Judge, upon the pleadings and facts agreed, he gave judgment directing the mandate to issue, and the defendant appealed.

The following are the facts agreed :

1. That at its session of 1883, the Legislature elected one G. L. Anthony as a justice of the peace for Gilmer township, in said county, who qualified in the time prescribed by law, and whose term of office began on the first Thursday in August, 1883, and lasted till the first Thursday in August, 1887.

2. That at its session of 1887, the Legislature elected one F. A. Mathews as a justice of the peace to succeed the said Anthony in said township, whose appointment was duly certified by the Secretary of State to defendant clerk, and who being duly notified of his election (the same having been made in the month of March, 1887), failed to qualify within the time prescribed by law ; and thereupon, on the 7th of July, 1887, the Governor of the State appointed the plaintiff as a justice of the peace for said township, to fill the un-filled appointment growing out of such failure of said Mathews to qualify.

3. That a list of justices of the peace appointed for said county by the Governor to fill the unfilled appointments that had occurred by the failure of those elected by the Legislature to qualify within the time prescribed by law, including the name of the plaintiff, was prepared, certified and signed by the Governor, attested by the seal of the State, and coun-tersigned by W. L. Saunders, Secretary of State; that said certificate was enclosed in an envelope addressed J. W. For-bis, Esq., at Greensboro, who received the same on the 9th day of July, 1887, and presented the same and filed it with the defendant clerk on the 10th day of July, 1887, according to the directions of the Governor in his directions to J. W. Forbis.

4. That on the 10th day of July, 1887, the plaintiff ap-peared before the defendant clerk and demanded to be qual-ified as such justice of the peace in and for said township,

by virtue of such his appointment by the Governor, when the defendant declined to qualify him.

5. That in consequence of such refusal the plaintiff began this action on the 23d of July, 1887.

It is the duty of the clerk to administer the oath to the justice so elected or appointed, and theirs to take and subscribe the same when so administered before him.   *The Code,* §821.

The defendant declined to do this upon the ground of a supposed incompatibility of the statute with §28, Art. IV., of the Constitution, which remains in force, unaffected by legislation.   This section is in these words: "When the office of justice of the peace shall become vacant otherwise than by expiration of the term, and in case of a failure of the voters of any district to elect, the clerk of the Superior Court for the county shall appoint to fill the vacancy for the unexpired term."

Previous to the changes made in the provisions of article seven, the justices of the peace were chosen by the qualified voters of the several townships, and under the section recited, vacancies arising from the failure of the voters to have an election, or occasioned by death, resignation or other cause, during and before the expiration of the term, were filled by the clerk's appointments, and these respective provisions were in harmony.   But the result of the legislation on the subject is to render impossible the contingency first mentioned, since, as there can be no legal election in the township, there can be in no just legal sense a failure of the voters to elect.   This clause in section 28 thus becomes practically inoperative, though it remains in force to meet any future condition produced by legislation to which it might then be applicable.

The other contingency in which the clerk may exercise the power of appointment, is that of a vacancy occurring during a term, and is confined to filling the unexpired portion of it.   This is not the case before us.   The term of the in-

cumbent, G. L. Anthony, had not terminated when the plaintiff was appointed, and would not terminate before the first Thursday of the next month, and the Governor's appointment was for a full term, to begin at that time, and in the meantime the person then occupying the office was not to be disturbed.

So the act of appointment is in no wise in conflict with that part of section 28.

It is a proper occasion for us to remark, that if every subordinate officer in the machinery of State government is to assume an act of the Legislature to be in violation of the Constitution, and refuse to act under it, it might greatly obstruct its operations, and lead to most mischievous consequences. This is only permissible, if at all, in cases of plain and palpable violation of the Constitution, or where irreparable harm may follow the action.

The defendant is merely required to administer the oath, which interferes with no one. Instead of refusing to perform a clear duty imposed, he could as well afterward, if such he deemed to be the mandate of the Constitution, proceed to make an appointment himself, and thus leave to the contesting claimants of the office the settlement of the issue and the determination of their respective rights.

The administration of the oath does not put the appointee in possession of the office, but being qualified, entitles him to enter upon its duties and exercise its functions *eo instanti*, without further proceedings, when the existing term expired.

We are clearly of opinion that the appointment of the plaintiff was regular and proper, and warranted by law, and that he was entitled to take the oath of office before the defendant as clerk.

There is no error, and the judgment must be affirmed.

No error.                                        Affirmed.