IN RE GEORGE C. EUBANKS.

(Filed 9 March, 1932.)

**Actions A a: B e—Proceeding in this case did not involve legal controversy and could not be maintained under Declaratory Judgment Act.**

A proceeding brought *ex parte,* with no contradicter present, to have the racial status of the petitioner determined and which is not brought for the purpose of determining the petitioner's matrimonial status or his legitimacy, or other legal purpose, presents a social matter rather than a legal controversy, and does not come within the scope of the "Uniform Declaratory Judgment Act," and the proceeding will be dismissed. Ch. 102, Public Laws of 1931.

APPEAL by petitioner from *Sinclair, J.,* at Chambers in Greenville, 27 August, 1931, at Chambers in New Bern, 4 September, 1931. From CRAVEN.

*Ex parte* proceeding under Uniform Declaratory Judgment Act to have petitioner's pedigree, or racial status, fixed and determined by declaratory order or decree of the court.

The petitioner alleges that his father was a full-blooded white man and his mother half white and half Mohawk Indian, thus rendering the petitioner three-fourths white and one-fourth Mohawk Indian with respect to his blood and race; that a judicial determination to this effect would relieve the petitioner of much embarrassment and humiliation in the vicinity of his residence because of a contrary suggestion relative to

his race having been expressed in the community; and that he is entitled by law to have his pedigree established in this proceeding as he is the only real party in interest.

The judge at first entered a decree agreeably to the prayer of the petitioner, but later struck it out on the ground that he was without authority to entertain the petition and that his first judgment was a nullity for want of jurisdiction.

The petitioner appeals, assigning error.

*Joseph Dawson for petitioner.*

STACY, C. J. The petitioner is not asking to have his matrimonial status declared, as was the case in *Baumann v. Baumann,* 250 N. Y., 382, nor his legitimacy established, as appeared in *Beresford v. Attorney-General,* L. R. (1918) Prob., 33, note 12 A. L. R., 86. See, also, note, 68 A. L. R., 129. He seeks only to have his racial status determined in an *ex parte* proceeding with no contradicter present. Primarily, his purpose partakes of a social matter rather than a legal controversy.

The proceeding is not within the scope or purview of the Uniform Declaratory Judgment Act, chap. 102, Public Laws 1931. *Poore v. Poore,* 201 N. C., 791, 161 S. E., 532.

Proceeding dismissed.