Proceeding under Declaratory Judgment Act to establish validity of appointment of S. M. Etheridge as a justice of the peace in South Mills Township, Camden County, for an unexpired term from 19 March, 1945, to 1 April, 1947, and to declare valid all marriages performed by him during his term of office, including that of feme petitioner, who was married by him on 22 October, 1945.
The justice of the peace and one of the persons married by him are the petitioners herein. The former Clerk of the Superior Court, the present Clerk, and the husband of the feme petitioner are the respondents.
In summary, the petition alleges that on 19 March, 1945, J. G. Etheridge resigned as justice of the peace in South Mills Township, Camden County, and his son, S. M. Etheridge, was duly appointed in his stead to fill the unexpired term of two years and fourteen days; that L. S. Leary, the then Clerk of the Superior Court, entered upon the margin of the "Record of Magistrates" in his office the notation "two years" instead of "two years and fourteen days"; that the notation its no part of the official record, albeit the former Clerk offers to correct the record, if need be and it permitted to do so.
Paragraph four of the petition follows:
"4. That to March 19, 1945, immediately subsequent to the resignation of the said J. G. Etheridge. S. M. Etheridge was duly appointed by the Clerk of the Superior Court of Camden County, acting under the authority of General Statutes 7-114, and other statutes and decisions relative thereto, as Justice of the Peace for South Mills Township, Camden County, North Carolina, for the unexpired term of the said *Page 637 
J. G. Etheridge, which said term lasted until the first day of April, 1947. That the said S. M. Etheridge on March 19, 1945, duly took and subscribed the regular oath for Justice of the Peace before the Clerk of the Superior Court of Camden County, as indicated on page 78, `Record of Magistrates,' of the records in said office."
In the answers filed by the respondents the allegations of paragraph four of the petition are admitted.
It is further alleged, however, that during his term of office, the said S. M. Etheridge performed 2,608 marriages; that one Roscoe S. Ange of Norfolk County, Va., was among the number and that he has brought suit in the Circuit Court of Norfolk County, Va., to annual his marriage, alleging that S. M. Etheridge was not a duly qualified justice of the peace at the time of performing the ceremony.
Thereafter, on or about 1 April, 1947, S. M. Etheridge was appointed to a new term as justice of the peace in South Mills Township, Camden County, by the Clerk of the Superior Court, but this was later revoked and no acts of his under this appointment are here in question.
The feme petitioner and respondent, Oscar Riddick, were married by S. M. Etheridge on 22 October, 1945. It is alleged that due to the publicity given the matter of S. M. Etheridge's appointments, the feme petitioner has been embarrassed and wishes to have her marital status declared by the court. The respondent, Oscar Riddick, "avers that he sincerely hopes the said S. M. Etheridge was a then qualified justice of the peace, but he has his doubts about the same and, therefore, denies the allegation" of a valid marriage.
Judgment was entered, agreeably to the prayer of the petition, declaring the due appointment of S. M. Etheridge as a justice of the peace in South Mills Township, Camden County, from 19 March, 1945, to 1 April, 1947, with all the powers and authority accorded to such officer by law; that the 2,608 marriages performed by him, during his term of office, are valid and binding, so far as his authority to perform them is concerned; and that thefeme petitioner and respondent, Oscar Riddick, were duly married on 22 October, 1945. The Clerk of the Superior Court was also authorized to change the notation on the margin of the "Record of Magistrates" opposite the oath of S. M. Etheridge, to read: "For the unexpired term of J. G. Etheridge — until April 1, 1947."
From this judgment, the respondents appeal, assigning errors.
It is apparent from the uncontroverted allegations of the fourth paragraph of the petition that there is no real controversy *Page 638 
here. Everybody wants the same kind of judgment. Only one result is desired or contemplated. Tryon v. Power Co., 222 N.C. 200, 22 S.E.2d 450. Moreover, to undertake to declare the marital status of persons not before the court, and in the case of Roscoe S. Ange doubtless undesired by him, is clearly in excess of the court's jurisdiction.
The feeble denial by the respondent, Oscar Riddick, of the validity of his marriage, if, indeed, he really denies it, was perhaps made in an effort to save the case of the feme petitioner. 16 Am. Jur., 315; Anderson, Declaratory Judgments, 805; Borchard, Declaratory Judgments, 478-482. Nevertheless, we think the whole proceeding must go out on the admitted allegations of paragraph four of the petition. The effect of these undenied averments is to deheart the proceeding and render it moot. No question is raised in respect of the attempted appointment of S. M. Etheridge to a new term, which was later revoked. It is conceded that the clerk's authority to appoint justices of the peace is confined to vacancies occurring during a term. G.S., 7-114; Gilmer v. Holton, 98 N.C. 26, 3 S.E. 812.
Whether the facts here alleged bring the matters within the purview of the Declaratory Judgment Act is not decided.
Proceeding dismissed.