BRAGG DEVELOPMENT COMPANY, INC., v. T. G. BRAXTON, TAX SUPERVISOR OF CUMBERLAND COUNTY; LECTOR E. RAY, CHAIRMAN, FRED KINLAW, F. M. BARRETT, J. M. GILLIS AND D. M. CLARK, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF CUMBERLAND COUNTY; AND CUMBERLAND COUNTY.

(Filed 29 January, 1954.)

**1. Declaratory Judgment Act § 2—**

The Declaratory Judgment Act does not confer upon the courts jurisdiction to render advisory opinions, and it is necessary that the facts agreed present a justiciable question upon which a judgment could be rendered in a pending civil action.

**2. Same—**

Where the question submitted in a controversy without action under G.S. 1-250, is whether a county has the right to tax an individual's property located on a military reservation, but it appears that no assessment or levy has been made and no attempt to collect a tax on the property involved undertaken, the action must be dismissed as presenting a purely abstract question.

**3. Same: Taxation § 38c—**

Ordinarily, neither the State nor its political subdivisions may be denied or delayed in the enforcement of the right to collect revenue, and if a tax is levied which the taxpayer deems unauthorized, he must pay same under protest and then sue for its recovery, G.S. 105-406. The Declaratory Judgment Act does not supersede this rule or provide an additional or concurrent remedy.

APPEAL by plaintiff and defendants from *Carr, J.,* September Term 1953, CUMBERLAND.

Controversy without action under G.S. 1-250.

The Federal Government has acquired and now owns a large area of land in Cumberland and Harnett Counties commonly known as the Fort Bragg Military Reservation. The State has ceded jurisdiction over said land to the Federal Government.

In 1950 the Federal Government, by written contract, leased to plaintiff, a domestic corporation, a certain unimproved part of said land lying entirely within Cumberland County. The lease was for a period of 75 years. Its primary purpose was to provide housing facilities for Army personnel, and in furtherance of that purpose plaintiff obligated itself to erect and maintain thereon a housing project of 500 units. The buildings were erected as provided in the contract and are now owned by plaintiff, subject to the conditions and provisions of the lease contract.

In 1952 the defendant Cumberland County notified plaintiff that said property of plaintiff would be assessed for *ad valorem* taxes. The plaintiff, protesting, asserted that said property was not subject to taxation by the County and requested that the question be submitted to the court for decision under the provisions of G.S. 1-250. The County agreed, and thereupon this proceeding was instituted.

The question presented to the court for decision was: "Does Cumberland County have the right to levy and collect *ad valorem* taxes on the aforesaid property or any part thereof?"

While the right to tax tangible personal property was submitted, the facts agreed contain no stipulation that plaintiff possesses any personal property which is located on the leased property.

The court below, upon consideration of the facts stipulated by the parties, adjudged that defendant County (1) "has the right to levy and collect *ad valorem* taxes on both the plaintiff's leasehold interest in the lands leased to it . . . and the plaintiff's improvements on the leased lands, which have become a part of the realty;" and (2) "does not have the right to list and collect *ad valorem* taxes on plaintiff's personal property on said lands, and it is enjoined and restrained from listing, levying or collecting any such tax thereon."

Both plaintiff and defendants excepted and appealed.

*Poyner, Geraghty & Hartsfield, Taylor & Allen, and Hoyle & Hoyle for plaintiff.*

*Lester G. Carter, Jr., James MacRae, and Robert H. Dye for defendant.*

BARNHILL, J. This cause must be remanded to the court below with direction that the court enter a judgment of dismissal for two reasons: (1) It presents no litigable question for decision; and (2) in any event it is not the proper method of determining plaintiff's tax liability to the defendant County.

"The subject of a civil action" as used in the statute, G.S. 1-250, is a cause of action. The stipulated facts must present a controversy which could be litigated and upon which the court could enter judgment in an action pending. In adopting the statute, the Legislature did not intend to confer jurisdiction on the courts to render advisory opinions. *Wright v. McGee,* 206 N.C. 52, 173 S.E. 31; *Burton v. Realty Co.,* 188 N.C. 473, 125 S.E. 3.

Here the facts agreed do not set forth a "question in difference which might be the subject of a civil action." The defendant County has made no assessment. Neither has it levied upon this or any other property of plaintiff in an attempt to collect a tax on the property involved. No right of plaintiff has been denied or violated. It has suffered no wrong. It has sustained no loss either real or imaginary. On the facts agreed no justiciable question on which the court, in a civil action, could render a judgment is disclosed.

Does the County have the right to tax the property of plaintiff which is located on the Fort Bragg Military Reservation? The County asserts this right. Plaintiff denies that it exists. The controversy thus created presents a purely abstract question. Any judgment putting it to rest would be wholly advisory in nature.

Ordinarily the sovereign may not be denied or delayed in the enforcement of its right to collect the revenue upon which its very existence depends. This rule applies to municipalities and other subdivisions of the State Government. If a tax is levied against a taxpayer which he deems unauthorized or unlawful, he must pay the same under protest and then sue for its recovery. G.S. 105-406; *Hunt v. Cooper,* 194 N.C. 265, 139 S.E. 446. And if the statute provides an administrative remedy, he must first exhaust that remedy before resorting to the courts for relief. *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619; *Unemployment Compensation Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4; *Employment Security Com. v. Kermon,* 232 N.C. 342, 60 S.E. 2d 580. See, however, G.S. 105-406 relating to illegal property taxes.

As broad and comprehensive as it is, even the Declaratory Judgment Act does not supersede the rule or provide an additional or concurrent remedy. *Insurance Co. v. Unemployment Compensation Com., supra; Buchan v. Shaw, Comr. of Revenue,* 238 N.C. 522.

Appeal dismissed.