RAY E. ANGELL, ROBERT B. CORNS, DAVID M. CRENSHAW, AND JAMES L. STOUGH, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS AND TAXPAYERS OF THE CITY OF RALEIGH, v. THE CITY OF RALEIGH, A MUNICIPAL CORPORATION; JAMES W. REID, CHARLES W. GADDY, EARL H. HOSTETLER, WILLIAM L. McLAURIN, TRAVIS H. TOMLINSON, JOHN W. WINTERS, AND WILLIAM H. WORTH, MEMBERS OF THE CITY COUNCIL OF THE CITY OF RALEIGH, NORTH CAROLINA; T. WADE BRUTON, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA; AND SOUTHEASTERN CABLEVISION COMPANY.

(Filed 25 May, 1966.)

1. **Declaratory Judgment Act § 1—**
    The Uniform Declaratory Judgment Act does not authorize the adjudication of mere abstract or theoretical questions or require the courts to give advisory opinions when there is no actual existing controversy between the parties affecting their rights, status or other legal relations.

2. **Same—**
    Citizens and taxpayers of a municipality may not maintain a proceeding under the Declaratory Judgment Act to determine the validity of an ordinance authorizing municipal authorities to grant licenses for the installation and operation of a community antenna television system or "cablevision" when no license has been issued by the city under the ordinance and therefore no wrong inflicted or financial loss incurred by plaintiffs.

3. **Constitutional Law § 4; Injunctions § 5—**
    Plaintiffs' allegations *held* insufficient to entitle them to any injunctive

relief in their action attacking the constitutionality of a municipal ordinance.

Moore, J., not sitting.

Appeal by plaintiffs from *Peel, J.*, September Non-jury Civil Session 1965 of Wake.

This is an action instituted on 26 October 1964 under the Declaratory Judgment Act, G.S. 1-253 *et seq.*, in which the plaintiffs, citizens and taxpayers of the City of Raleigh, seek to test the validity of an ordinance adopted by the City of Raleigh, which became effective 5 October 1964.

This is a class action brought by the plaintiffs on behalf of themselves and all other persons having or claiming an interest in the subject matter of the controversy in common with the plaintiffs.

The action was originally instituted against the City of Raleigh and the individual members of the City Council of the City of Raleigh, and T. W. Bruton, the Attorney General of North Carolina. On 2 November 1964 the Southeastern Cablevision Company was made a party-defendant. The City of Raleigh and the Cablevision Company filed separate answers. They filed a joint brief in this Court. The Attorney General filed no formal answer, neither did he file a brief in connection with this appeal.

The first section of the ordinance sought to be tested reads as follows:

"Section I. That a person, firm or corporation may install and operate Community Antenna Television System in the City of Raleigh under the conditions set out herein and for that purpose is granted:

(a)  The right and the privilege for a period of fifteen (15) years from the effective date of a license issued pursuant to this ordinance to erect structures in the City of Raleigh and to construct, maintain and operate in, over, and along present and future streets, alleys and public places of the City of Raleigh, towers, poles, lines, cables, necessary wiring and other apparatus for the purpose of receiving, amplifying and distributing television, electronic electrical and radio signals, audio and video, to said City and the inhabitants thereof.

(b)  To attach or otherwise affix cables or wires to the pole facilities of any public utility company, even though the same may cross the streets, sidewalks, public lands and highways of the City of Raleigh, provided the said Grantee or assigns secures the permission or consent of said aforemen-

tioned public utility company concerned to affix the said cables or wires or other apparatus to their pole facilities."

Section 2 of the ordinance provides that the license granted shall be subject to the following conditions: (These conditions are set forth in some 25 paragraphs.)

Section 3 of the ordinance relates to the manner in which the application for license should be made, and may require of the applicant "as a condition precedent to the granting of the license that cash or its equivalent in the amount of ten thousand dollars ($10,-000.00) be deposited with the City guaranteeing the installation of the necessary facilities for the conduct of the business, * * *."

When the matter came on for hearing, a jury trial was waived, and the trial judge concluded as a matter of law that the ordinance was a valid and lawful ordinance of the City of Raleigh and the plaintiffs are not entitled to any injunctive relief as prayed for in their complaint.

Plaintiffs appeal, assigning error.

*Johnson, Gamble & Hollowell for plaintiffs, appellants.*
*Smith, Leach, Anderson & Dorsett and Donald L. Smith for defendants, appellees.*

DENNY, E.J. In the case of *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404, Ervin, J., speaking for the Court, said:

"There is much misunderstanding as to the object and scope of this legislation (the Uniform Declaratory Judgment Act). Despite some notions to the contrary, it does not undertake to convert judicial tribunals into counsellors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs. *Tryon v. Power Co.,* 222 N.C. 200, 22 S.E. 2d 450; *Allison v. Sharp,* 209 N.C. 477, 184 S.E. 27; *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532; Anderson on Declaratory Judgments, section 13. This observation may be stated in the vernacular in this wise: The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.

* * * * *

"While the Uniform Declaratory Judgment Act thus enables courts to take cognizance of disputes at an earlier stage than that ordinarily permitted by the legal procedure which existed before its enactment, it preserves inviolate the ancient and sound juridic concept that the inherent function of judicial tri-

bunals is to adjudicate genuine controversies between antagonistic litigants with respect to their rights, status, or other legal relations. This being so, an action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute. *Etheridge v. Leary,* 227 N.C. 636, 43 S.E. 2d 847; *Tryon v. Power Co., supra; Wright v. McGee,* 206 N.C. 52, 173 S.E. 31; *Light Co. v. Iseley,* 203 N.C. 811, 167 S.E. 56; *In re Eubanks,* 202 N.C. 357, 162 S.E. 769; 16 Am. Jur., Declaratory Judgments, section 9; 1 C.J.S., Actions, section 18; Anderson on Declaratory Judgments, section 22; Borchard on Declaratory Judgments (2d Ed.), 40-48."

In the case of *Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918, in 1950 the Federal Government by contract leased to plaintiff, a domestic corporation, a certain tract of land lying entirely within Cumberland County. The lease was for a period of 75 years. The lessee obligated itself to construct and maintain on said leased land a housing project of 500 units for Army personnel.

In 1952 Cumberland County notified plaintiff that said property of plaintiff would be assessed for *ad valorem* taxes. The plaintiff, protesting, asserted that said property was not subject to taxation by the county and requested that the question be submitted to the court for decision under the Declaratory Judgment Act. The county agreed, and thereupon the proceeding was instituted.

The question presented for decision was: "Does Cumberland County have the right to levy and collect *ad valorem* taxes on the aforesaid property or any part thereof?"

Barnhill, J., (later C.J.) said:

"Here the facts agreed do not set forth a 'question in difference which might be the subject of a civil action.' The defendant County has made no assessment. Neither has it levied upon this or any other property of plaintiff in an attempt to collect a tax on the property involved. No right of plaintiff has been denied or violated. It has suffered no wrong. It has sustained no loss either real or imaginary. On the facts agreed no justiciable question on which the court, in a civil action, could render a judgment is disclosed.

"Does the County have the right to tax the property of plaintiff which is located on the Fort Bragg Military Reservation? The County asserts this right. Plaintiff denies that it exists. The controversy thus created presents a purely abstract question. Any judgment putting it to rest would be wholly advisory in nature."

The appeal was dismissed.

In *Fox v. Commissioners of Durham*, 244 N.C. 497, 94 S.E. 2d 482, plaintiffs attacked the constitutionality of a zoning statute, applicable to all of Durham County not within the corporate limits of a city or town. Bobbitt, J., speaking for the Court, said:

> "* * * (I)t was not alleged or shown that any plaintiff owns realty constituting farm land either subject to or exempt from the provisions of the ordinance. Indeed, it is not alleged or shown that any plaintiff owns any property of any kind presently restricted by the ordinance. Plaintiffs cannot present an abstract question and obtain an adjudication in the nature of an advisory opinion. *Development Co. v. Braxton*, 239 N.C. 427, 79 S.E. 2d 918; *Hood, Comr. of Banks v. Realty, Inc.*, 211 N.C. 582, 591, 191 S.E. 410.
>     * * * * *
> "Our conclusion is that the court below was in error in undertaking to rule on the constitutionality of the Act and on the validity of the provisions of the ordinance. Hence, the judgment is vacated and the cause remanded with direction that the action be dismissed, plaintiffs' allegations being insufficient to entitle them to injunctive relief."

In the case of *Greensboro v. Wall*, 247 N.C. 516, 101 S.E. 2d 413, the proceeding was instituted to have determined the validity of a redevelopment project. The Court said:

> "The validity of a statute, when *directly and necessarily* involved, *Person v. Watts*, 184 N.C. 499, 115 S.E. 336, may be determined in a properly constituted action under G.S. 1-253 *et seq. Calcutt v. McGeachy, supra* (213 N.C. 1, 195 S.E. 49); but this may be done only when some specific provision(s) thereof is challenged by a person who is directly and adversely affected thereby. * * *
> Conner, J., reminds us that confusion is caused 'by speaking of an act as unconstitutional in a general sense.' *St. George v. Hardie*, 147 N.C. 88, 97, 60 S.E. 920. The validity or invalidity of a statute, in whole or in part, is to be determined in respect of its adverse impact upon personal or property rights in a specific factual situation. * * *."

Our Uniform Declaratory Judgment Act does not authorize the adjudication of mere abstract or theoretical questions. Neither was this act intended to require the Court to give advisory opinions when no genuine controversy presently exists between the parties. Actions for declaratory judgment will lie for an adjudication of

rights, status, or other legal relation only when there is an actual existing controversy between the parties. *Lide v. Mears, supra.*

In the instant case the City of Raleigh has issued no license pursuant to the provisions of the ordinance alleged to be unconstitutional. Moreover, nothing has been done in connection with said ordinance that has violated any rights of the plaintiffs. The plaintiffs do not allege they have suffered any wrong or financial loss by reason of any action taken by the City of Raleigh in connection with the adoption of the ordinance in question.

We hold that since no genuine justiciable controversy now exists between the parties hereto, the judgment below must be vacated and the cause remanded with direction that the action be dismissed. Furthermore, plaintiffs' allegations are insufficient to entitle them to any injunctive relief.

Judgment vacated and cause remanded.

MOORE, J., not sitting.