REDEVELOPMENT COMMISSION OF HIGH POINT v. GUILFORD
COUNTY AND CITY OF HIGH POINT.

(Filed 10 July 1968.)

1. Taxation § 34—

A taxpayer may maintain an action to restrain the levy of a tax on the ground that the tax itself is illegal or invalid or that the tax is for an illegal or unauthorized purpose.

2. Taxation § 19—

Exemptions from taxation are to be strictly construed.

3. Municipal Corporations § 4—

The purpose of the Urban Redevelopment Act, G.S. 160-454 *et seq.*, is

to promote the health, safety, morals and general welfare of the citizens of municipalities by abolishing blighted areas.

**4. Same;    Taxation §§ 19, 21—**

A municipal redevelopment commission created pursuant to the Urban Redevelopment Act, G.S. 160-454 *et seq.*, is a municipal corporation within the meaning of Art. V, § 5, North Carolina Constitution, and non-income producing property held by it is therefore exempt from county or municipal ad valorem taxation, but income producing property held by a municipal redevelopment commission is subject to ad valorem taxation.

APPEAL from *May, S.J.*, GUILFORD County Superior Court, High Point Division, April 1968 Regular Session.

In this case the plaintiff seeks to enjoin Guilford County and the City of High Point from collecting ad valorem taxes on property held by the plaintiff for redevelopment purposes. The defendants demurred to the complaint. Each demurrer was sustained for failure to state a cause of action, for that the plaintiff is not exempt from ad valorem taxes as a matter of law.

Plaintiff alleges that it is a body corporate and politic and is a Redevelopment Commission duly created, organized and existing under and pursuant to the provisions of G.S. 160-454, *et seq.* known as the "Urban Redevelopment Law." Plaintiff further alleges that it is now engaged in the execution of a redevelopment plan within the City of High Point and that pursuant thereto it has acquired four different types of real property: (1) improved income-producing property, (2) improved non-income producing property, (3) unimproved income-producing property, (4) unimproved non-income producing property. Plaintiff asserts that its real property is exempt from ad valorem taxation under and pursuant to the provisions of G.S. 105-296, and that the defendants have illegally assessed and levied and are attempting to collect ad valorem taxes upon this real estate. Plaintiff seeks to enjoin the defendants from collecting ad valorem taxes on this property.

Each demurrer asserts that the complaint does not state facts sufficient to constitute a cause of action, for: (1) that the plaintiff is not exempt from ad valorem taxes under G.S. 105-296, and (2) that plaintiff has not exhausted its administrative remedies and has failed to comply with the requirements of G.S. 105-40 (G.S. 105-40 obviously is not applicable and each of the defendants must have intended to refer to G.S. 105-406.)

*Haworth, Riggs, Kuhn and Haworth by John Haworth and Walter W. Baker, Jr., Attorneys for plaintiff appellant.*

*David I. Smith, Attorney for Guilford County, defendant appellee.*

CAMPBELL, J. At the outset we are confronted with the question as to whether a justiciable question is presented. *Development Co. v. Braxton*, 239 N.C. 427, 79 S.E. 2d 918.

"The remedy of injunction is available to a taxpayer when a tax levy or assessment, or some part thereof, is challenged on the ground (1) the tax or assessment is itself illegal or invalid, or (2) for an illegal or unauthorized purpose." *Wynn v. Trustees*, 255 N.C. 594, 599, 122 S.E. 2d 404. If the property of the plaintiff in the instant case is exempt from taxation as alleged by the plaintiff, then the remedy sought herein is available.

G.S. 105-281 provides: "All property, real and personal, within the jurisdiction of the State, not especially exempted, shall be subject to taxation."

Plaintiff in this case recognizes this doctrine but asserts that its property is exempt under the provisions of (1) G.S. 105-296 which exempts "real property lawfully owned and held by * * * cities," and (2) N. C. Const. art. 5, § 5 which provides: "*Property. exempt from taxation.* — Property belonging to the State, counties and municipal corporations shall be exempt from taxation. * * * No taxing authority other than the General Assembly may grant exemptions, and the General Assembly shall not delegate the powers accorded to it by this section."

"In order to come within the constitutional orbit of tax exemption, a corporation must be an instrumentality, an agent, a department, or an arm of the State in the sense of being at least a subordinate branch of the State government or of a local subdivision thereof and subject to governmental visitation and control, so that ordinarily the interests and franchises pertaining to the corporation are either the exclusive property of the government itself or are under the exclusive control of some agency or political subdivision thereof." *Coastal Highway v. Turnpike Authority*, 237 N.C. 52, 64, 74 S.E. 2d 310.

"Taxation is the rule and exemption the exception. The rule has repeatedly been laid down by this Court, the exemptions from taxation are to be strictly construed." *Benson v. Johnston County*, 209 N.C. 751, 185 S.E. 6. This case held that where land was bought by a municipality to protect the town's. tax liens and with the purpose of holding it until it could be sold as any private individual purchaser might have done, such property was taxable by the county. Taxation of real estate owned by a municipality for purposes not directly connected with the governmental functions of the municipality has been sustained in numerous instances. The divergent views of the law upon this subject were fully set forth in the case of *Warrenton v. Warren*

*County*, 215 N.C. 342, 2 S.E. 2d 463, where Justice Schenck wrote an opinion, Chief Justice Stacy wrote a concurring opinion, and Justices Barnhill and Winborne concurred in a concurring opinion, and Justice Clarkson wrote a separate concurring opinion and Justices Devin and Seawell each wrote a dissenting opinion. The law on this now seems to be established. See *Winston-Salem v. Forsyth County*, 217 N.C. 704, 9 S.E. 2d 381. Thus, even a municipality does not have an absolute exemption.

In the instant case one question to be determined is whether the plaintiff is a municipal corporation; because if not, it will have no exemption.

In *Wells v. Housing Authority*, 213 N.C. 744, 197 S.E. 693, the Court was called upon to construe a Housing Authority created under the Housing Authorities Act, G.S. 157-1, *et seq*. The Court said:

> "It is not questioned that it is a proper function of government to promote the health, safety, and morals of its citizens. The Housing Authorities Act depends for its validity, as a proper exercise of governmental authority, upon its declared objective in removing a serious menace to society, not disconnected with political exigency, in the populous areas to which it applies.
>
> It differs in one particular from the usual type of municipality — the ownership of the instrumentalities by which the public purpose is to be served. But we cannot see that such ownership detracts from the public or municipal character of the agency employed. * * *
>
> The State cannot enact laws, and cities and towns cannot pass effective ordinances, forbidding disease, vice, and crime to enter into the slums of overcrowded areas, there defeating every purpose for which civilized government exists, and spreading influences detrimental to law and order; but experience has shown that this result can be more effectively brought about by the removal of physical surroundings conducive to these conditions. This is the objective of the act, and these are the means by which it is intended to accomplish it."

The Court then proceeded to hold that this agency was a municipal corporation within the meaning of the provisions of the Constitution and that, as such a municipality, its property was exempt from State, county, and municipal taxation.

Thereafter, the Legislature amended the Housing Authorities Act to make it apply to rural areas in addition to urban areas. The va-

lidity of such a rural area housing authority was tested and the Court held it valid in the case of *Mallard v. Housing Authority*, 221 N.C. 334, 20 S.E. 2d 281.

In the instant case, the Legislature has enacted G.S. 160-454, *et seq.*, known as the "Urban Redevelopment Law." This enactment of the Legislature has for its general purposes and policies the same objectives as the Housing Authorities Act, namely: to promote the health, safety, morals, and general welfare of the citizens by abolishing blighted areas. This act was held constitutional and the divergent views pertaining thereto are set out in *Redevelopment Commission v. Bank*, 252 N.C. 595, 114 S.E. 2d 688.

While there are differences between a Housing Authority and an Urban Redevelopment Commission as pointed out by the defendants; nevertheless, when one looks at the general overall purpose to be accomplished, as shown by the acts themselves, one tracking the other, we conclude that there is no distinction between the general principles and policies of the two enactments insofar as pertinent to this matter. If a Housing Authority is a municipal corporation and exempt from ad valorem taxes as held in *Wells v. Housing Authority, supra,* then it follows, and we so hold, that a Redevelopment Commission is, likewise, a municipal corporation and exempt from ad valorem taxation.

Just as any other municipal corporation, however, is to be taxed for property held by it for purposes other than governmental as previously pointed out in this opinion, we hold that the plaintiff in the instant case is to be taxed for those properties which are held by it for income production pending disposal thereof. In other words, the properties owned by the plaintiff, both improved and unimproved, from which income is being derived are subject to ad valorem taxes by the defendants. It is only the non-income producing properties, both improved and unimproved, which are to be exempt from taxation. Compare *Seminary, Inc., v. Wake County*, 251 N.C. 775, 112 S.E. 2d 528.

Reversed.

BRITT and MORRIS, JJ., concur.