REEVES BROTHERS, INC. v. THE TOWN OF RUTHERFORDTON
AND THE TOWN OF RUTH

No. 7229SC409

(Filed 2 August 1972)

**Taxation § 38— taxpayer's remedy against collection of tax**

> A corporate taxpayer was not entitled to maintain an action for
> a declaratory judgment to determine its tax liability to a municipality
> and for an injunction restraining the municipality from listing the
> taxpayer as a tax delinquent and advertising for sale its tax lien
> against the taxpayer, where there was no allegation that the munici-
> pality was without authority to levy the tax in question, that the rate
> was unconstitutional or that the property in question was exempt from
> taxation, the taxpayer's remedy being to pay the tax under protest
> and sue for recovery of the excess portion after administrative reme-
> dies have been exhausted. G.S. 105-381.

APPEAL by plaintiff from *Falls, Judge,* 10 January 1972
Session of Superior Court held in RUTHERFORD County.

Civil action under the North Carolina Declaratory Judg-
ment Act to determine the tax liability of the corporate plain-
tiff to the respective municipal defendants. In its complaint,
plaintiff alleged that in 1966 it was the owner of a small mill,
known as the "Grace Plant" and located partially in the Town
of Rutherfordton and partially in the adjoining Town of Ruth.
Desiring to expand the Grace Plant and finding that there was
some uncertainty as to the exact dividing line between the two
contiguous towns, plaintiff purported to enter into an agree-
ment with the Town of Rutherfordton and the Town of Ruth
regarding the taxation of the plant's real and personal prop-
erty, including goods in process, raw materials, finished goods
and machinery. The purported agreement with the Town of
Rutherfordton provided, in part, as follows:

> "STATE OF NORTH CAROLINA
> COUNTY OF RUTHERFORD
>
> TOWN OF RUTHERFORDTON
> _____
>
> A CALL MEETING OF THE TOWN BOARD was held in the
> City Hall of Rutherfordton, Rutherford County, North
> Carolina, on March 12, 1966, with the Mayor and three
> Commissioners present; Commissioner Jack Davis was ab-
> sent due to illness. Commissioner Twitty moved, and Com-

missioner Sparks seconded, to adopt the following resolution:

THAT WHEREAS, REEVES BROTHERS, INC., desires to build an addition to that plant, which addition will be almost entirely in the Town of Ruth, North Carolina; and

\*          \*          \*

WHEREAS, The Town of Ruth has also agreed to the following solution to the problem:

FIRST: Rutherfordton will tax the present real estate, land and buildings now located in Rutherfordton;

SECOND: Ruth will tax the land in Ruth and the new buildings to be added to the present plant;

THIRD: The Stock in Process, Raw Materials, Finished Goods, Machines and Fixtures, and all other property of every kind and description located in the Grace Plant, (both the old and the new addition), shall be returned on the Rutherford County return, and when the County has fixed a taxable value for this property, the Town of Rutherfordton will take twenty (20%) percent of such value and levy its tax on that amount; and the Town of Ruth will take eighty (80%) percent of its value and levy its tax upon that amount;

FOURTH: The Rutherfordton Town Council, and each member thereby, believes this action to be to the best interest of Rutherfordton;

FIFTH: The Ruth Town Council, and each member thereby, believes this action to be to the best interest of Ruth."

It is further alleged that the plaintiff then, in reliance upon this agreement, expended considerable sums of money expanding the new plant and buying new machinery, and that from 1966 through 1969, paid its taxes to the respective municipalities in accordance with the terms of the resolution as set out above.

On 30 December 1969, plaintiff was advised by the attorney for the Town of Rutherfordton, in a letter attached to the complaint as Exhibit B, that:

". . . (E)ffective with 1970 the Town of Rutherfordton will assess and levy taxes on all the real property of the Grace Plant which is *actually located* within the city limits of the Town of Rutherfordton. It has been determined that 60% of the building addition made in 1966 is situated within the Rutherfordton city limits and, consequently, 60% of the assessed value thereof is taxable by the Town of Rutherfordton and 40% by the Town of Ruth. This differs from your former practice of paying taxes on the entire value of the 1966 addition to the Town of Ruth.

You are further advised that *all* tangible personal property of the Grace Plant is taxable by the Town of Rutherfordton, and taxes will be levied accordingly for the year 1970. This differs from your former practice of paying to the Town of Rutherfordton taxes on 20% of the value thereof and paying to the Town of Ruth taxes on 80% of the value thereof."

Plaintiff thereafter on 11 December 1970 tendered to the defendant Town of Rutherfordton an amount for its 1970 taxes which plaintiff alleged was due under the terms of the 1966 resolution, but the defendant returned plaintiff's check and billed plaintiff for taxes allegedly due according to its own calculations. Plaintiff refused to pay this tax assessment and the Town of Rutherfordton listed the plaintiff as a tax delinquent and advertised its tax lien against plaintiff's property for sale.

In its complaint, plaintiff further alleged that the Town of Ruth agreed with plaintiff's position but that a genuine dispute existed between it and the Town of Rutherfordton, and prayed that the court:

"1. Declare the rights of the parties to this action;

2. Issue an Order to the Town of Rutherfordton restraining it from listing plaintiff as a tax delinquent or advertising or selling the property of plaintiff while this action is pending;

3. Permit the plaintiff to immediately pay into court the amount of tax owed according to said agreement;

4. That all issues be heard before a jury;

5. Such other and further relief as to the court may seem just and proper in the premises."

On 13 July 1971, the defendant Town of Rutherfordton filed a motion to dismiss pursuant to Rule 12(b) of the Rules of Civil Procedure for failure to state a claim upon which relief could be granted and for want of jurisdiction over the subject matter, in that:

"(1) Plaintiff did not pursue its administrative remedies pursuant to G.S. 105-327(g)(2) or G.S. 105-406.

(2) Plaintiff does not allege, in support of its request for injunctive relief, that the tax or assessment is illegal or invalid or levied or assessed for an illegal or unauthorized purpose, as required by G.S. 105-406.

(3) The Declaratory Judgment Act does not supersede G.S. 105-406 or other administrative remedies, or provide an additional or concurrent remedy.

(4) Plaintiff bases its Complaint upon a resolution of the Rutherfordton Town Council which, on its face, is by statute illegal and, therefore, void, and plaintiff is not released from any taxes that were not assessed or collected due to the resolution; and which resolution, on its face, is ultra vires."

The matter came on for hearing at the 10 January 1972 Session of Superior Court held in Rutherford County, and in a judgment filed 12 January 1972, it was ordered, adjudged and decreed that the plaintiff's complaint be dismissed and the costs taxed to the plaintiff for the following reasons:

"1. Plaintiff did not pursue and exhaust the administrative remedies provided it by Chapter 105 of the General Statutes of North Carolina, nor did it comply with the provisions of G.S. 105-406.

2. The Declaratory Judgment Act does not supersede G.S. 105-406, or the administrative remedies provided plaintiff by Chapter 105 of the General Statutes of North Carolina, nor does it provide an additional or concurrent remedy."

To these findings and to the judgment that its complaint be dismissed, the plaintiff appealed to the Court of Appeals.

*Hamrick & Hamrick by J. Nat Hamrick for plaintff appellant.*

*Owens & Arledge by A. Jervis Arledge and Hollis M. Owens, Jr., for defendant appellee, the Town of Rutherfordton.*

MALLARD, Chief Judge.

The only question for decision on appeal is whether or not the remedy of bringing an action under the Uniform Declaratory Judgment Act, seeking injunctive and other relief, was available to this plaintiff and therefore whether or not the trial court erred in dismissing its complaint pursuant to motion.

G.S. 1A-1, Rule 57 provides:

> "The procedure for obtaining a declaratory judgment pursuant to article 26, chapter 1, General Statutes of North Carolina, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a prompt hearing of an action for a declaratory judgment and may advance it on the calendar."

But as Professor James E. Sizemore notes in his article, *General Scope and Philosophy of the New Rules,* "The basic statutory provisions for obtaining declaratory judgments have been retained. Rule 57 simply provides that the *procedure* for this remedy shall be in accordance with the new Rules . . . ." (Emphasis original.) 5 Wake Forest Intra. Law Rev. 1 at 9, 10.

We find nothing in the language of the Uniform Declaratory Judgment Act itself which would preclude the determination of the controversy before us by proceeding under the Act. See, e.g. G.S. 1-253 and G.S. 1-254. However, it is a well-settled rule in this State that:

> "Ordinarily, the rule that the sovereign may not be denied or delayed in the enforcement of its right to collect revenues applies to municipalities and every subdivision of state government, and when a tax is levied against a taxpayer he must pay same under protest and sue for recovery after he has exhausted all existing administrative remedies.

*Bragg Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918.

G.S. 105-406 reads as follows:

> '*Unless a tax or assessment, or some part thereof, be illegal or invalid, or be levied or assessed for an illegal or unauthorized purpose,* no injunction shall be granted by any court or judge to restrain the collection thereof in whole or in part, nor to restrain the sale of any property for the nonpayment thereof; . . .' (Emphasis ours.)

This statute and our case law recognize a distinction between an erroneous tax and an illegal or invalid tax. An illegal or invalid tax results when the taxing body seeks to impose a tax without authority, as in cases where it is asserted that the rate is unconstitutional, *Perry v. Commissioners of Franklin County,* 148 N.C. 521, 62 S.E. 608, or that the subject is exempt from taxation, *Southern Assembly v. Palmer,* 166 N.C. 75, 82 S.E. 18. Injunction will lie when the tax or assessment is itself invalid or illegal. *Purnell v. Page,* 133 N.C. 125, 45 S.E. 534; *Sherrod v. Dawson,* 154 N.C. 525, 70 S.E. 739; *Wynn v. Trustees of Charlotte Community College,* 255 N.C. 594, 122 S.E. 2d 404. Here, the equitable remedy of injunction is proper since appellant contends that the taxing body is without authority to impose the tax because of the constitutional exemption." *Redevelopment Comm. v. Guilford County,* 274 N.C. 585, 164 S.E. 2d 476 (1968).

We note that G.S. 105-406 was repealed effective 1 July 1971. Therefore, even though the statute was in effect at the time the defendant Town of Rutherfordton notified the plaintiff of its intention to tax the "Grace Plant" other than in accordance with the purported agreement of 1966, it was not in effect at the time Judge Falls filed his judgment of 12 January 1972. We think, however, that the rule set forth in *Redevelopment Comm. v. Guilford County, supra,* is applicable in the case before us. See also, *Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918 (1954); *Express Co. v. Charlotte,* 186 N.C. 668, 120 S.E. 475 (1923); *Carstarphen v. Plymouth,* 186 N.C. 90, 118 S.E. 905 (1923) and G.S. 105-381.

G.S. 105-381 and the cases decided under prior statutory provisions clearly provide that, except where it is sufficiently

alleged that the tax assessed is itself invalid or illegal, the tax-payer's exclusive remedy is to pay the tax in full and then seek a refund of the excess portion. A tax or assessment is invalid or illegal only when the taxing body lacks the authority to impose the tax, as where the rate is unconstitutional or the subject is exempt from taxation. *Redevelopment Comm. v. Guilford County, supra.* Here, there is no allegation in the plaintiff's complaint that the Town of Rutherfordton was without authority to levy the tax in question, that the rate was unconstitutional or that the subject property was exempt from taxation; therefore, we hold that plaintiff, not having paid the tax in question, was not entitled to seek a declaratory judgment and was not entitled to injunctive relief.

For the foregoing reasons, we think that Judge Falls reached the correct conclusion in his judgment of 12 January 1972, and the judgment dismissing plaintiff's action is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.